531 F.2d 922
 Carolyn BEDNAR, as mother and next friend of Ilsa Bednar, a
minor, Appellee,
v.
NEBRASKA SCHOOL ACTIVITIES ASSOCIATION, a Non-profit
Corporation and Leslie T. Chamberlin, as Executive
Secretary of the Nebraska School
Activities Association, Appellants.
 No. 75--1773.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 1, 1976.
Decided March 11, 1976.
 
 Robert C. Guenzel, Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, Neb., on brief for appellants, Nebraska School Activities Association.
 Wallace M. Rudolph, Lincoln, Neb., on brief for appellee.
 Before LAY, STEPHENSON and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ilsa Bednar is a tenth-grade student at Johnson-Brock High School in Nebraska. Carolyn Bednar, as mother and next friend of Ilsa, brought this civil rights action alleging that Ilsa had been denied the opportunity to join the school's cross-country team because of her sex. Plaintiff alleged that her daughter desired to compete in cross-country track, and had requested permission to run on the boys' cross-country team, since there was no such team for girls. Plaintiff alleged that her daughter was told that Nebraska School Activities Association (NSAA) rules precluded her from cross-country competition. Specifically, the school authorities cited Rule 18(c), providing:
 
 
 2
 Girls and boys may not compete on the same athletic team, and girls and boys may not compete against each other.
 
 
 3
 Claiming the absence of an adequate remedy at law (the complaint was filed September 11, 1975, and cross-country competition was imminent) and the possibility of irreparable harm, plaintiff requested:
 
 
 4
 1) A temporary restraining order allowing Ilsa to compete in cross-country running until a preliminary hearing could be held;
 
 
 5
 2) A preliminary injunction to the same effect;
 
 
 6
 3) A permanent injunction allowing Ilsa to compete on the boys' team or, alternatively, ordering the establishment of a competitive cross-country program for girls;
 
 
 7
 4) A declaration that Rule 18(c) of the NSAA is in violation of the Fourteenth Amendment and Title IX of the Educational Amendments of 1972.
 
 
 8
 The defendants submitted various affidavits. In one of these, school principal Gary Oxley reported the times made by five members of the cross-country team and by Ilsa Bednar in four races held in early September. In the mile and 2-mile runs, all five boys finished ahead of Ilsa. However, in two 2 1/2-mile races, Ilsa beat one of the boys on both occasions, once by more than two minutes. An affidavit from Leslie T. Chamberlin, Executive Secretary of the NSAA, recited that a school's cross-country 'team' for district and state competition was limited to five members.
 
 
 9
 After a hearing on September 16, 1975, the district court granted plaintiff a preliminary injunction enjoining defendants from excluding Ilsa from cross-country competition on account of her sex and from giving any effect to Rule 18(c) of the NSAA. Defendants appeal from that order.
 
 
 10
 Defendants concede that under the authority of Brenden v. Independent School District 742, 477 F.2d 1292 (8th Cir. 1973)[1] Rule 18(c) of the NSAA constitutes impermissible sex discrimination. Their sole contention is that there was no evidence of 'irreparable harm' and that therefore preliminary injunctive relief should not have issued.
 
 
 11
 In support of this contention, defendants argue that there was no evidence before the district court that Ilsa was qualified to participate on the cross-country team. Specifically, defendants point out that the team is limited to five participants in district and state meets and argue that Ilsa is not among the five most qualified runners.
 
 
 12
 There is no merit to defendants' contentions. Although district and state meets are limited to five-member teams, the defendants do not allege that there is any such limit in the smaller-scale meets in which the school participates. Moreover, the affidavit of the school principal shows that Ilsa is among the five top competitors in the 2 1/2 mile cross-country event. Thus, the district court did not err in concluding that Ilsa is subject to irreparable harm.
 
 
 13
 Judgment affirmed.
 
 
 
 [1]
 Brenden involved a rule of the Minnesota State High School League providing:
 Girls shall be prohibited from participation in the boys' interscholastic athletic program either as a member of the boys' team or a member of the girls' team playing the boys' team.
 The girls' team shall not accept male members.
 This court held the rule violative of the equal protection clause, as applied to qualified girls desiring to engage in noncontact sports for which the school had no girls' program. 477 F.2d at 1301--03.