James H. MONAHAN, as next friend of Daniel J. Monahan; George Rose, as next friend of Marla Rose, Appellees,

v.

STATE OF NEBRASKA, Charles Thone, Governor of The State of Nebraska, Board of Education, School District # 1, Douglas County, Nebraska, Owen Knutzen, Individually, and as Superintendent of School District # 1, Douglas County, Nebraska, Dale Samuelsen, Individually, and as Assistant Superintendent in Charge of Special Education, of School District # 1, Douglas County, Nebraska, Anne Campbell, Commissioner of Education for the State of Nebraska, State Board of Education, Walter M. Thompson, Individually, and as a Member of the State Board of Education, Margaret Lockwood, Individually, and as a Member of the State Board of Education, Frank E. Landis, Individually, and as a Member of the State Board of Education, Don M. Lienemann, Individually, and as a Member of the State Board of Education, Dorothy Creigh, Individually, and as a Member of the State Board of Education, Arlene E. Hart, Individually, and as a Member of the State Board of Education, William C. Ramsey, Individually, and as a Member of the State Board of Education, Dorothy Beaver, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, June Bostwick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Walter Calinger, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Pat Geringer, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Leo Hoffman, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Gaynelle Goodrich, Individually, and as a Member of the

---

Board of Education, School District # 1, Douglas County, Nebraska, Ruth Thomas, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Frank Bogard Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Ron McGruder, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James A. Monaghan, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James Beutel, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, and Leo Kastrick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Appellants.

James H. MONAHAN, as next friend of Daniel J. Monahan, Appellant,

George Rose, as next friend of Marla Rose,

v.

STATE OF NEBRASKA, Charles Thone, Governor of The State of Nebraska, Board of Education, School District # 1, Douglas County, Nebraska, Owen Knutzen, Individually, and as Superintendent of School District # 1, Douglas County, Nebraska, Dale Samuelsen, Individually, and as Assistant Superintendent in Charge of Special Education, of School District # 1, Douglas County, Nebraska, Anne Campbell, Commissioner of Education for the State of Nebraska, State Board of Education, Walter M. Thompson, Individually, and as a Member of the State Board of Education, Margaret Lockwood, Individually, and as a Member of the State Board of Education, Frank E. Landis, Individually, and as a Member of the State Board of Education, Don M. Lienemann, Individually, and as a Member of the State Board of Education, Dorothy Creigh, Individually, and as a Member of the State Board of Education, Arlene E. Hart, Individually, and as a Member of the State Board of Education, William C. Ramsey, Individually, and as a Member of the State Board of Education, Dorothy Beaver, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, June Bostwick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Walter Calinger, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Pat Geringer, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Leo Hoffman, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Gaynelle Goodrich, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Ruth Thomas, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Frank Bogard, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Ron McGruder, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James A. Monaghan, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James Beutel, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, and Leo Kastrick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Appellees.

Nos. 80–1436, 80–1469.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1980.
Decided April 1, 1981.

**595**

Paul L. Douglas, Atty. Gen., Harold Mosher, Asst. Atty. Gen., State of Neb., Lincoln, Neb., John P. Heil, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, Neb., for appellants.

Quintin S. Hughes, Bellevue, Neb., for appellee Rose.

James H. Monahan, pro se.

Mino St. Lucas, Omaha, Neb., for appellees.

Before STEPHENSON and HENLEY, Circuit Judges, and HUNTER,* District Judge.

HENLEY, Circuit Judge.

The State of Nebraska, the Omaha School District, and others (collectively defendants) appeal from an order of the district court[1] granting a preliminary injunction in favor of plaintiff Marla Rose. Plaintiff Daniel Monahan also cross-appeals from the court's denial of his request for a preliminary injunction.

The primary issue[2] raised by plaintiffs in the district court was whether Neb.Rev. Stat. § 43–662 (1978) (the State Act) is consistent with provisions of the Education for All Handicapped Children Act of 1975, 20 U.S.C. §§ 1401–1420 (the Federal Act).

20 U.S.C. § 1415 outlines procedural safeguards which state and local agencies receiving federal funds must observe to ensure that a handicapped child's right to a free appropriate public education is protected. In order to conform with these procedural requirements, Nebraska amended its law regarding hearings on the placement of handicapped students. Neb.Rev.Stat. §§ 43–661 to 43–668.

The plaintiffs contend that Nebraska's provision for review of the hearing officer's

---

* The Honorable Elmo B. Hunter, sitting by designation on this panel, is now Chief Judge of the United States District Court for the Western District of Missouri.

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

   Judge Denney's well-reasoned opinion is reported at 491 F.Supp. 1074 (D.Neb.1980).

2. Plaintiffs refer to certain other claims, e. g., bias of the hearing officer in the Rose case, potential bias of the Commissioner of Education in the Monahan case, and etc., which they say were presented to the district court. To the extent that such issues have been preserved for appeal, we find them without merit on the record before us.

decision by the State Commissioner of Education[3] is in conflict with the Federal Act's requirement that the decision made in the hearing "shall be final."[4] Plaintiffs argue that the Commissioner's review power amounts to unlimited discretion to reject the decision of the hearing officer and that such discretion has deprived or would deprive them of the right to a due process hearing.

*Marla Rose.*

Marla Rose is deaf and has a related speech impairment. Prior to the 1978–79 school year, she attended classes at Beveridge Junior High School in the Omaha School District (Omaha). In June, 1978 the School District notified Marla's parents that it proposed to change Marla's placement from Beveridge to the Nebraska School for the Deaf.

On August 14, 1978 George Rose filed a petition with the Nebraska Department of Education seeking a due process hearing regarding the proposed change in his daughter's placement. See Neb.Rev.Stat. §§ 43–661 to 43–668. The case was assigned to an independent hearing officer, and a lengthy administrative hearing was held in March, 1979.

The hearing officer made his written report to the Nebraska Commissioner of Education on May 16, 1979. The report contained a summary of the evidence, findings of fact, and the officer's decision. The officer found that Marla needed the training offered by the School for the Deaf, and he concluded that Omaha's recommendation that she be placed there was appropriate. The officer recommended that the appeal by Marla's parents be dismissed.

On June 1, 1979 the Commissioner of Education entered an order acknowledging receipt of the hearing officer's report and the hearing exhibits, adopting the report verbatim as the basis for the order, and dismissing the Rose appeal.[5]

Mr. Rose filed an action challenging the Commissioner's order.[6] Pending resolution of the lawsuit, the parties agreed that Marla would attend the Monroe Junior High School in the Omaha School District. In September, 1979, however, after only two weeks of school, Marla was withdrawn from Monroe by her parents. They placed her in an unaccredited private school which had no special programs for the deaf.

*Daniel Monahan.*

Daniel Monahan has multiple handicaps: muscular dystrophy, mental retardation,

---

**3.** Neb.Rev.Stat. § 43–662 (as amended 1978) provides:

> The State Department of Education shall conduct hearings ... using hearing officers who shall prepare a report containing findings of facts based on the evidence presented and decisions based on such findings. *After reviewing such findings and decisions the Commissioner of Education shall then recommend or direct such action as may be necessary.*

(Emphasis added.)

**4.** 20 U.S.C. § 1415 provides in relevant part:

> (b)(2) Whenever a complaint has been received ... the parents or guardian shall have an *opportunity for an impartial due process* hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employ-

ee of such agency or unit involved in the education or care of the child.

⋆ ⋆ ⋆

> (e)(1) A decision made in a hearing conducted pursuant to paragraph (2) of subsection (b) of this section *shall be final* ... [except for a right of appeal to the state agency if the hearing was held at the local level and a right to sue in district court in every case].

(Emphasis added.)

**5.** The Commissioner's order stated in relevant part:

> Upon having reviewed and examined the Report, the Exhibits and the Briefs, the Commissioner of Education hereby adopts verbatim as the basis for this Final Decision and Order, the Report of the Hearing Officer.

**6.** In November, 1979 Rose's first suit (CV 79–0–300) was dismissed for failure to join an indispensable party. A second suit (CV 80–0–67), filed in February, 1980, was dismissed in October, 1980 as duplicative of the present action. The instant suit was filed in March, 1980.

and a seizure disorder. Through the 1978–79 school year Daniel attended the Madonna School, a private elementary school for mentally retarded children. Under contract with Madonna, the Omaha School District paid for Daniel's education.

Before the start of the 1979–80 school year Daniel became confined to a wheelchair. Madonna was not equipped to accommodate wheelchair students so Daniel's father sought an alternative school. He obtained permission from the Millard School District to enroll Daniel there. Omaha school officials, however, believed that a comparable program was offered at their Hartman School and they therefore refused to fund Daniel's schooling at Millard. Nevertheless, Mr. Monahan enrolled his son at Millard at his own expense.

Mr. Monahan was aware of his right to obtain a due process hearing before an independent hearing officer to review Omaha's decision. He did not seek such a hearing, however. In January, 1980 he filed this suit in district court.

The district court granted certain preliminary relief for plaintiff Rose but denied preliminary relief for Monahan. The court's order required that during the pendency of the case Marla Rose should be returned to her placement in an Omaha junior high school and that Daniel Monahan should remain in the Millard School District at his father's expense. The court also ordered the Nebraska Commissioner of Education to appoint an impartial hearing officer to hold a second due process hearing on Marla Rose's educational placement, enjoined the Commissioner from engaging in any review of the hearing officer's decision, and ordered the Commissioner to implement such decision without modification.[7] We affirm in part and remand for further proceedings consistent with this opinion.

We address several preliminary issues before turning to the merits of this appeal.

■ First, we agree with the reasoning of the district court that plaintiff Rose has standing under article III of the United States Constitution to challenge Neb.Rev. Stat. § 43–662. Rose argues that her federally guaranteed procedural rights were violated by the Commissioner's review of the hearing decision. Accepting this contention as true, *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), we find that Rose has alleged a sufficiently "personal stake in the outcome of the controversy," *id.* at 498, 95 S.Ct. at 2205 to invoke the jurisdiction of the federal courts.[8]

■ We also concur with the district court's conclusion that, in the circumstances, Daniel Monahan was not required to exhaust his administrative remedies under the Nebraska Act. Although the federal framework mandates initial resort to the state administrative process, 20 U.S.C. § 1415(e)(2), exhaustion is not required where it would be futile or where the administrative remedy would be inadequate. *Matthews v. Eldridge*, 424 U.S. 319, 329–30, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976); *Armstrong v. Kline*, 476 F.Supp. 583, 601–02 (E.D.Pa.1979), *remanded on other grounds sub. nom. Battle v. Pennsylvania*, 629 F.2d 269 (3d Cir. 1980) *cert. denied sub. nom. Scanlon v. Battle*, —— U.S. ——, 101 S.Ct. 3123, —— L.Ed.2d —— (1981); *Loughran v. Flanders*, 470 F.Supp. 110, 112–13 (D.Conn.1979). In the present case, Monahan's claim that the state procedure on its face conflicts with the Federal Act could not be addressed effectively by the state administrative process.

■ As a final preliminary matter, we approve the district court's decision on interim educational placement for the children. The Federal Act provides that during the pendency of any proceeding the

---

7. This court entered an order July 8, 1980 staying that portion of the preliminary injunction requiring the Commissioner to appoint a hearing officer to conduct a second due process hearing and prohibiting the Commissioner from reviewing or modifying the hearing officer's decision.

8. A similar analysis supports Daniel Monahan's standing to sue. See also the discussion of exhaustion of administrative remedies which follows.

child shall remain in his "then current educational placement," absent consent of all parties, 20 U.S.C. § 1415(e)(3). At the time this suit was initiated, Daniel Monahan's physical condition prevented his return to the Madonna School. Although Omaha offered to place Daniel in its Hartman School, the Monahans unilaterally decided to send Daniel to the Millard School. In these circumstances, the district court concluded that the status quo would best be maintained by permitting Daniel to remain at the Millard School at his parents' expense. This result is fully consistent with the terms and policy of the Federal Act. *See Stemple v. Board of Education*, 623 F.2d 893, 897–98 (4th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). It is not disputed that Marla Rose's "then current educational placement" was an appropriate Omaha junior high school. Her parents are not presently entitled to compensation for the cost of sending her to a private school. *Id.*

The district court ruled on preliminary relief in this case before our recent decision in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc). There we indicated that

> whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.*, at 113. Although we find that the district court's analysis was not unsound, some modification of the relief granted is in order.

The district court concluded that plaintiff Rose had established a threat of irreparable harm. Although an Omaha junior high school was Marla's "then current educational placement" under the Federal Act, both sides conceded that Marla was making little progress in such placement. The district court found that the resulting harm to Marla Rose was irreparable and that preliminary relief was appropriate to limit such harm. The district court did not err in so finding. *See Bednar v. Nebraska School Activities Association*, 531 F.2d 922, 923 (8th Cir. 1976); *Stuart v. Nappi*, 443 F.Supp. 1235, 1240 (D.Conn.1978).

We also accept the district court's conclusion that Daniel Monahan did not allege a threat of irreparable harm should preliminary relief be denied. Daniel is presently enrolled at the Millard School which concededly provides an adequate educational program. In addition, the decision to place Daniel in the Millard School District was made by his parents unilaterally; they must bear the resulting tuition expense.[9] *See Stemple v. Board of Education*, 623 F.2d at 897–98. Because plaintiff Monahan has not established a threat of irreparable injury, he is not entitled to preliminary relief.

The district court analyzed plaintiff Rose's claim that Neb.Rev.Stat. § 43–662 conflicts with 20 U.S.C. § 1415(e)(1) and found that the schemes were inconsistent.[10] Thus, the court concluded that plaintiff had shown probability of success on the merits of this claim.

For a preliminary injunction to issue, however, we need not find that the state and federal statutes are inconsistent, but

---

**9.** Although we find plaintiff Monahan is not entitled to compensation for tuition expense in the present circumstances, we do not reach the further question whether money damages are ever available under the Federal Act. *Compare Loughran v. Flanders*, 470 F.Supp. 110 (D.Conn.1979) *with Boxall v. Sequoia Union High School Dist.*, 464 F.Supp. 1104 (N.D.Cal. 1979).

**10.** The language of the Nebraska Act gives the Commissioner of Education a role in the place-

ment appeal procedure which may be inconsistent with the Federal Act's requirement that the hearing officer's decision "shall be final." We are unwilling to presume at this stage, however, that the Nebraska legislature enacted a statute inconsistent with federal law. It is possible that the Nebraska Supreme Court would construe the State Act in a manner consistent with section 1415. *See In re "A" Family*, 602 P.2d 157, 166–67 (Mont.1979).

only that a serious question of possible conflict is raised.

> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

*Dataphase*, at 113.[11] In the instant case, the Commissioner's "review" power may conflict with the finality requirement of the Federal Act. Although we do not now adopt a final construction of either act, we believe this possible inconsistency raises questions sufficient to satisfy the preliminary injunction test.

 Having satisfied the elements of the *Dataphase* test, plaintiff Rose was entitled to a preliminary injunction. We conclude, however, that due to the passage of time and changed circumstances the form of relief granted should be modified. We vacate that portion of the court's order requiring a second hearing on Marla Rose's placement.

We first note that the following portion of the district court's order was stayed by this court pending a decision on appeal:

> It is further ordered that the Commissioner of Education shall appoint an impartial hearing officer who shall hold a due process hearing on Rose's complaints. The Commissioner shall abstain from engaging in any review of the hearing officer's decision and shall implement such decision without modification.

Due to the stay no second hearing has been held. We also note that the present school year is far advanced and that it may be too late for anything of substance to be achieved by another placement hearing. Moreover, a second hearing would cause additional expense and still more delay. In the circumstances, we suggest that the district court consider alternative relief.

The record establishes that the placement hearing was free from procedural error, save for the alleged impermissible review by the Commissioner. This review, however, amounted to no more than a rubber-stamp of the hearing officer's decision. It might be appropriate for the district court merely to order the Commissioner to consider the findings of the first hearing final and binding. This would avoid a time-consuming and costly duplication of the earlier hearing. The court may conclude that the best means to avoid further injury is to proceed to an early hearing and decision of all issues on the merits.[12]

In sum, we affirm the decision of the district court on the interim placement of the children. We also affirm the district court's denial of preliminary relief to plaintiff Monahan. We vacate that part of the preliminary injunction ordering a second Rose hearing, and we remand to the district court for further proceedings consistent with this opinion.

---

11. As already noted, Rose has alleged an irreparable injury. There is no competing claim that the State of Nebraska, the Omaha School District, or etc., will suffer substantial injury if injunctive relief is granted. Similarly, no claim is made that a significant public interest supports denial of preliminary relief. The balance

of these factors favors the plaintiff's request for an injunction.

12. The Federal Act expressly provides that the parties may present additional evidence pertinent to the district court's review of the placement decision. 20 U.S.C. § 1415(e)(2).