**TERESA DIANE P., through her parent and next friend, MARILYN J.P., and Marilyn J.P., Plaintiffs-Appellees,**

v.

**ALIEF INDEPENDENT SCHOOL DISTRICT, et· al., Defendants-Appellants.**

No. 82–2443.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1984.

Reynolds, Allen & Cook, Jeffrey L. Rogers, Houston, Tex., for defendants-appellants.

Sarah Scott, Brooklyn, N.Y., Annie S. Garcy, Houston, Tex., for plaintiffs-appellees.

Before GARZA, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is an appeal from an award of attorney's fees in an action brought to obtain an appropriate public education for a handicapped child, and to redress alleged violations of the rights of the child and her mother. Plaintiffs asserted claims for monetary, injunctive, and declaratory relief based on the Education of All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

After securing preliminary injunctive relief, plaintiffs dismissed their original attorneys and secured new counsel. Subsequently, plaintiffs agreed to a settlement which was approved by the court. At this point, the original attorneys made a motion to the court for attorney's fees.

Conceding that attorney's fees are not awardable under EAHCA, the district court awarded fees based on plaintiffs' allegations of violations under the Rehabilitation Act and under § 1983, both of which do provide for attorney's fees. Defendants appealed from this award. We deferred resolution of whether attorney's fees were appropriate pending the Supreme Court's decision in *Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). In light of *Smith,* we find erroneous that portion of the award compensating the attorneys for their efforts in securing substantive relief which alternatively could have been provided by resort to the administrative avenues of EAHCA. Any com-

pensation for efforts expended in pursuit of remedies not inconsistent with EAHCA, however, we find to have been correctly granted. Accordingly, we remand for an appropriate reconsideration of the attorney's fees award on this basis.

## I. FACTS

Teresa Diane P. (Diane) is a multiply handicapped child with severe behavioral problems. When this proceeding began in 1980, Diane was 10 years old. Diane entered defendant Alief Independent School District in 1974, at age 3, and progressed through a series of special education placements. In 1977, defendant placed Diane with Angie Nall Children's Hospital in Beaumont, Texas. In May 1979, however, Diane was expelled from this placement due to her parents' failure to pay the hospital bills. Diane's parents disputed their responsibility for these bills.

Subsequently, during the fall of 1979, defendants attempted to mainstream Diane with other special education students within the school district, but these efforts were unsuccessful due to Diane's behavioral problems. Plaintiffs alleged that during this period, no individualized education plan was written for Diane. Plaintiffs further alleged that the defendants failed to afford sufficient notice of school district meetings during which Diane's placement was arranged, and that they failed to arrange meetings at mutually agreed upon times and places.

In November 1979, defendants placed Diane at the Therapeutic Intervention Program School (T.I.P.S.), a private day school facility in Houston. Diane's mother, Mrs. Marilyn P., was opposed to the placement at T.I.P.S., but ultimately agreed to register Diane at the school.

When Mrs. Marilyn P. registered Diane with the T.I.P.S. program, she was informed that Diane's continued enrollment was contingent on parental attendance at a weekly group psychotherapy session. Subsequently, however, Mrs. Marilyn P.[1] refused to attend the sessions. Because of her mother's refusal to participate in the psychotherapy sessions, Diane was discharged from the program. The school district informed Mrs. Marilyn P. that no alternative placement was planned for Diane at that time.

Following Diane's discharge, Mrs. Marilyn P., through her counsel Sarah Scott and Reed Martin, invoked a due process hearing pursuant to EAHCA. A hearing was held on March 25 and 27, 1980.[2] The hearing officer concluded that Diane was entitled to special education services and recommended that the school district place her in a private institution. At the same time, however, the hearing officer concluded that Mrs. Marilyn P. did not have a legal right to refuse to attend the group therapy sessions and recommended that she cooperate with the school district in this respect. Plaintiffs appealed this decision to the Commissioner of Education of the State of Texas. The Commissioner adopted the hearing officer's proposal.

At this point, on June 19, 1980, plaintiffs filed a complaint and motion for preliminary injunctive relief in federal district court. Plaintiffs alleged that defendants[3] had denied Diane a "free, appropriate public education" in violation of the Education of All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983; that defendants failed to respect Diane's procedural due process rights in

**1.** Diane's father died during this year.

**2.** During the pendency of the hearing, Diane was enrolled by her mother in a private non-educational nursery.

**3.** Also named as defendants in their individual and official capacities are Robert Burch, Superintendent of Alief Independent School District; Dr. Henry Moore, Assistant Superintendent for

Elementary and Junior High Education of Alief Independent School District; Ken Brown, Director of Special Education of Alief Independent School District; J.C. Wright, President of the Board of Trustees; Robert Cumming, Vice President of the Board; Granville Wright, Secretary of the Board; David Hansen, Talmadge Heflin, William McClain, and Blanche Wilkerson, members of the Board.

violation of the Fourteenth Amendment and the above statutes; that defendants conditioned Diane's education upon parental performance of a requirement that parents of non-handicapped students do not have to assume, in violation of the equal protection clause and § 1983; that defendants expelled Diane from educational services because of the acts or omissions of her parents in violation of substantive due process and § 1983; and that defendants conditioned Diane's education upon compulsory attendance by Mrs. Marilyn P. at group psychotherapy sessions in violation of Mrs. Marilyn P.'s constitutional right to privacy and § 1983.

On July 11, 1980, the district court held a conference with the parties in chambers, and on July 15, entered an order granting plaintiffs' motion for preliminary relief. The court ordered that defendants immediately provide Diane with home instruction and that they continue such instruction at no cost until Diane was situated in an appropriate residential placement.

On August 10, 1981, plaintiffs filed a motion to withdraw Ms. Scott and Mr. Martin as their attorneys of record and requested that Ken Douglas be substituted as counsel. At the same time, attorneys Scott and Martin filed a motion to intervene as plaintiffs, seeking to assert their claim for attorney's fees.

On August 17, 1981, the court suggested that plaintiffs' original attorneys (appellees in the present case) submit affidavits in support of their claim to fees. This was done. At this same conference, plaintiffs' new attorney and defendants' counsel announced that the case had been settled.

On July 30, 1982, the district court awarded plaintiffs' original counsel $16,-848.45 in attorney's fees. The court based this award on 42 U.S.C. § 1988, which provides for attorney's fees for claims filed pursuant to § 1983, and on 29 U.S.C. § 794a(b), which provides for fees in cases filed pursuant to the Rehabilitation Act.

Defendants appeal from the award of attorney's fees on two grounds. First, defendants contend that plaintiffs were not "prevailing parties," a prerequisite to recovery of fees under both § 1988 and under § 794a(b). Second, even if plaintiffs could be considered prevailing parties, defendants contend that this proceeding is in essence merely an action to enforce the provisions of EAHCA, and that since that statute does not provide for the award of attorney's fees, the grant of such an award was erroneous.

## II. PREVAILING PARTIES

The Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988, provides:

In any action or proceedings to enforce a provision of Section 1983 ..., the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs. (emphasis added)

The attorney's fee provision contained in § 505, 29 U.S.C. § 794a(b) similarly provides:

In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs. (emphasis added)

A party "prevails" within the meaning of § 1988 and § 794a(b) if his or her lawsuit is a substantial factor or significant catalyst in achieving the primary relief sought. *Robinson v. Kimbrough*, 652 F.2d 458, 465 (5th Cir.1981). The fact that a party prevails through settlement rather than through full litigation does not prevent the awarding of fees. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980).

Defendants contend that this lawsuit cannot be considered the cause of the relief ultimately obtained by plaintiffs because prior to the date this lawsuit was filed, defendants were already undertaking to provide plaintiffs the relief requested in their application for a preliminary injunction. Defendants argue that they would have provided plaintiffs a residential place-

ment and interim services even without the entry of a preliminary injunction.

Defendants correctly state the law when they assert that "[a] civil rights plaintiff may not collect attorney's fees for demanding that a state officer do what he would have done in any case." *Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982). In contrast to defendants' description of the factual situation, however, the district court made a factual finding that plaintiffs *had* "vindicated substantial rights." The court found that "Teresa Diane was expelled from school in January, 1980 and received no educational services until this court's order of interim relief on July 10, 1980, shortly after this suit was filed." In the opinion of the district court, the lawsuit was a catalyst in obtaining relief for Diane.

Under Federal Rule of Civil Procedure 52(a), a fact finding "shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a); *see Pullman–Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). On appeal, this Court is obligated to accept the findings of the trial judge unless, after viewing all of the evidence, we are left with the "definite and firm conviction that a mistake has been committed." [4] *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). This is not the case on these facts. We decline to reverse on this ground.

### III. JUSTIFICATION FOR FEES

Plaintiffs concede that an award of fees is not authorized under EAHCA. They do not seek fees based on that statute. Instead, appellees argue that the district

court's fee award should be affirmed based on the Rehabilitation Act and on § 1983, statutes also allegedly violated by defendants. Attorney's fees are expressly authorized under both § 1983, 42 U.S.C. 1988, as well as under the Rehabilitation Act, 29 U.S.C. § 794a(b). The district court based its award of fees on three specific grounds. We examine each separately.

#### A. *Section 1983—EAHCA Violations*

■ The first basis for relief relied upon by the district court in granting attorney's fees was § 1988, since plaintiffs alleged a violation of § 1983, bottomed on a denial of rights guaranteed under EAHCA. Defendants object to any award on this basis. Defendants argue that EAHCA itself is the exclusive remedy for enforcing Diane's right to a free, appropriate public education, and that plaintiffs cannot rely on § 1983 merely as a means to trigger the attorney's fees provision in § 1988.

In support of this argument, defendants cite *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), where the Supreme Court held that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id.* at 20, 101 S.Ct. at 2626, *see also Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981); *Ruth Ann M. v. Alvin Independent School District,* 532 F.Supp. 460 (S.D.Tex.1982) (§ 1983 not available to redress EAHCA rights).

The district court considered defendants' argument but did not fully adopt their reasoning. In its order granting attorney's fees, the district court suggested that the

---

**4.** Defendants assert that the district court's fact findings are clearly erroneous, and in direct contradiction with the fact findings by the Commissioner of Education. The Commissioner found that Diane had not been expelled but that instead, Mrs. Marilyn P. had removed Diane from the public school system on her own accord. Defendants argue that under *Board of Education of Hendrick Hudson v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982), the district court was obligated to defer

to the Commissioner's administrative findings. We find this argument unpersuasive. *Rowley* deals with the standard of review over the *substance* of a state's educational program. The district court fact finding in this case, on the contrary, dealt with a procedural issue—expulsion of a child from educational services due to a failure of parental involvement in the program. The district court was entitled to make its own findings of fact on this issue.

existing case law on the issue was unsettled and that, at present, the court did "not read [the cases cited in favor of defendants' argument] as mandating a total disallowance of fees in this case."

At the time of the district court's order, the question of whether a § 1983 suit could be bottomed on EAHCA was somewhat unclear. Since the district court order, however, any confusion regarding the authority to base a 1983 lawsuit on an EAHCA claim has been settled. In *Marvin H. v. Austin Independent School District*, 714 F.2d 1348 (5th Cir.1983), we found that "EAHCA provides the 'comprehensive enforcement scheme' envisioned in *Middlesex County* ..., and that 'the enforcement procedure may not be bypassed by bringing suit directly under § 1983.'" *Id.* at 1358; *see also Smith v. Robinson*, — U.S. —, 104 S.Ct. 3457, 3468 n. 11, 82 L.Ed.2d 746 (where Supreme Court in dicta said that "[c]ourts generally agree that the [EAHCA] may not be claimed as the basis for a § 1983 action.") Since this Court has held that a § 1983 action based on EAHCA is superfluous to plaintiffs' relief under EAHCA itself, any portion of the award of attorney's fees based on this allegation must be vacated on remand.[5]

### B. *Section 1983—Constitutional Violations*

Plaintiffs do not base their § 1983 action solely on EAHCA violations; they also employ § 1983 as a means of redressing various constitutional claims. In their amended complaint, plaintiffs allege that defendants violated Diane's right to equal protection by denying her a free, appropriate public education and by conditioning her right to education on parental performance; that defendants denied Diane's right to procedural due process by violating EAHCA administrative regulations; and that defendants denied Diane's right to substantive due process by expelling Diane from educational services because of the acts or omissions of her parents. Finally, plaintiffs allege that defendants violated Diane's *mother's* right to privacy by conditioning Diane's education on compulsory attendance in group psychotherapy sessions by her mother.

The district court found that plaintiffs' constitutional claims were substantial, and that the claims were independent of the EAHCA claim. For this reason, the court concluded that even if the application of § 1983 through EAHCA was limited, there was still a basis for fees under § 1988, bottomed on the constitutional violations.

In *Smith v. Robinson*, — U.S. —, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the identical issue was presented. In addition to EAHCA claims, the plaintiffs in *Smith* asserted that the school district discriminated against plaintiff on the basis of his handicap in violation of the equal protection clause, and that procedures employed by state officials denied plaintiff procedural due process. Just as in the present case, the plaintiffs in *Smith* argued that attorney's fees were permissible under § 1988, due to their independent claims of constitutional deprivations.

The Supreme Court held that attorney's fees were not permissible on the particular facts presented in *Smith*, but treated each constitutional claim separately, as do we.

#### 1. *Equal Protection*

■ After reviewing the legislative history of the EAHCA, the Court in *Smith* had "little difficulty concluding that Congress intended the [EAHCA] to be the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education." *Smith v. Robinson, supra,* 104 S.Ct. at 3468. Taking into consideration the elaborate administrative process established in EAHCA to protect the rights of handicapped children, the Court found that

---

5. Because of the vague language in this portion of the district court order, it is actually rather unclear whether the court relied upon the § 1983–EAHCA claim as justification for the award of attorney's fees, or whether instead, the court solely relied upon the alternative reasoning discussed in parts III. B. and C. of this opinion. In any event, to the extent that this claim was relied upon in granting attorney's fees, the order must be vacated.

EAHCA would be rendered obsolete if a plaintiff could choose instead simply to go directly to federal court alleging a constitutional claim. Thus, the Court concluded that "where the [EAHCA] is available to a handicapped child asserting a right to a free appropriate public education, based either on the [EAHCA] or on the Equal Protection Clause of the Fourteenth Amendment, the [EAHCA] is the exclusive avenue through which the child and his parents or guardian can pursue their claim." *Id.* at 3470.

Since the plaintiff in *Smith* alleged an equal protection claim which was virtually identical to their EAHCA claim, the Court held that attorney's fees were not recoverable under § 1988. Similarly, plaintiffs in the present case allege a Fourteenth Amendment claim which could be provided for under EAHCA. Plaintiffs complain that Diane was denied a free, appropriate education. Since EAHCA itself can be employed to require defendants to grant appropriate relief from this violation, resort to § 1983 based on equal protection is unnecessary, and a grant of fees pursuant to § 1988 is inappropriate. Any portion of the award of fees based on this equal protection claim must be vacated on remand.

### 2. *Procedural Due Process*

■ Plaintiffs also made a due process challenge based on defendants' failure to protect Diane's procedural rights in notice, evaluation, consent, development of individualized education plans, timing of meetings, and expulsion from services. Basically, plaintiffs' due process complaint was that defendants failed to adhere to the specific procedural safeguards provided by the Texas Education Agency pursuant to the EAHCA. The question is whether this independent procedural due process claim will support an award of attorney's fees.

The Supreme Court in *Smith v. Robinson* was faced with a similar due process challenge. In *Smith*, plaintiffs challenged the partiality of the state hearing officer. Because of the peculiar facts in *Smith*, the Court actually resolved the attorney's fees claim on other grounds. But although the

Court did not need to reach the issue on the facts of *Smith*, it nevertheless clearly expressed its view that "the issue [of attorney's fees for a due process claim] is not the same as that presented by a substantive equal protection claim to a free, appropriate public education." 104 S.Ct. at 3470 n. 17.

The critical holding in *Smith* is that where EAHCA provides relief, a plaintiff cannot circumvent EAHCA's administrative restrictions by resort to another statutory remedy. The Court distinguished a due process challenge from an equal protection claim on this basis, stating that:

> ... unlike an independent equal protection claim, maintenance of an independent due process challenge to state procedures would not be inconsistent with the [EAHCA's] comprehensive scheme. Under either the [EAHCA] or § 1983, a plaintiff would be entitled to bypass the administrative process by obtaining injunctive relief only on a showing that irreparable harm otherwise would result. *See Monahan v. Nebraska*, 645 F.2d 592, 598–599 (CA8 1981). And, while Congress apparently has determined that local and state agencies should not be burdened with attorney's fees to litigants who succeed, through resort to the procedures outlined in the [EAHCA], in requiring those agencies to provide free schooling, there is no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process they were constitutionally due.

*Id.* at 3471.

Based on this reasoning, we conclude that attorney's fees may be appropriate in EAHCA cases where procedural due process claims are involved. We leave to the District Court on remand the issue of whether substantial procedural due process claims were effectively raised and maintained in this case.

### 3. *Right to Privacy*

■ Mrs. Marilyn P.'s allegation of the violation of her right to privacy also falls in

the category of an independent claim. A violation of the constitutional right to privacy presents an issue wholly independent of EAHCA. While EAHCA can guarantee Diane the right to free schooling, the statute does not provide a remedy for violations of the constitutional rights of Diane's mother. Since Mrs. Marilyn P.'s claim does not overlap or interfere with EAHCA, EAHCA is no bar to any right she may have to base a § 1983 suit on this asserted constitutional deprivation. We express no opinion whether she had otherwise stated a claim or whether there was any connection between the claim and the relief obtained, leaving to the district court to determine the nature of the claim and its role in the settlement.

### 4. Substantive Due Process and Other Equal Protection Claims

■ Diane also made a substantive due process claim and another equal protection claim, different in nature from the equal protection claim discussed earlier. Diane complained that by conditioning her education upon parental performance of a requirement that parents of non-handicapped do not have to assume, defendants violated the equal protection clause. In addition, Diane complained that by expelling her from education services because of the acts or omissions of her parent, defendants violated substantive due process rights.

In essence, Diane complains about the fact that defendant conditioned her right to education on the requirement that her mother attend psychotherapy sessions. Through these complaints, Diane does more than merely state a right to a free, appropriate public education, as guaranteed by EAHCA. She complains additionally that her rights under EAHCA were conditioned on outside factors in an unconstitutional fashion. Maintenance of such a challenge would not be inconsistent with EAHCA. Thus, attorney's fees may be appropriate for time spent on these constitutional challenges.

### 5. Necessity of Prevailing on Particular Claim

Although we here hold that attorney's fees may be appropriate based on independent constitutional claims, fees are not necessarily permissible on the particular facts in this case.

■ The district court stated that it was awarding fees due to plaintiff's independent "complaints." Teresa Diane *alleged* a violation of her right to procedural due process; Mrs. Marilyn P. *complained* that her right to privacy had been infringed. In *Smith v. Robinson,* the intervening decision discussed above, however, the Supreme Court held that mere allegation of a statutory violation will no longer suffice as a basis for attorney's fees. After *Smith,* in order to recover attorney's fees, a prevailing party must not only allege a cause of action independent of EAHCA but also must prevail on that independent issue. 104 S.Ct. at 3471. The Court stated that "where ... petitioners have presented distinctly different claims for different relief, based on different facts and legal theories, and have prevailed only on a non-fee claim, they are not entitled to a fee award simply because the other claim was a constitutional claim that could be asserted through § 1983." *Ibid.* The court noted that the opposite conclusion would allow any EAHCA plaintiff to secure attorney's fees merely by including in their pleadings a challenge that the administrative process was unfair. Under this scenario, even if plaintiff's procedural challenge was defeated or ignored, attorney's fees would still be recoverable. The Court considered it unlikely that Congress intended such a result.

With this standard in mind, the district court on remand should award attorney's fees only to the extent that plaintiffs actually prevailed on constitutional claims.[6]

---

**6.** While we leave the ultimate determination on this issue to the district court, we note that no mention of redress for a violation of the right to privacy was included in the district court's pre-

liminary injunction order. Further, while the settlement agreement did include a $3,000 award, it is not clear that this sum was intended as damages for violation of Mrs. P.'s constitu-

Any additional fees based on mere allegations of constitutional violations should be vacated.

## C. *Section 504 of the Rehabilitation Act*

Finally, plaintiffs alleged that denial of the right to a free, appropriate public education violated Diane's rights under § 504 of the Rehabilitation Act. The Rehabilitation Act prohibits discrimination against handicapped persons in programs receiving federal assistance, and expressly authorizes an award of attorney's fees. 29 U.S.C. § 794a(b). The district court stated in its order that the award of attorney's fees was at least partially based on § 794a(b).

■■■ As the district court pointed out in its order, "[t]he regulations promulgated under the Rehabilitation Act require the provision of a free appropriate public education *coextensive* with the provisions of EAHCA." (emphasis added). Following the recent United States Supreme Court decision in *Smith v. Robinson*, — U.S. —, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), it is now clear that where the Rehabilitation Act gives no more to a plaintiff's substantive claim than does EAHCA, a plaintiff may not employ the Rehabilitation Act to circumvent the EAHCA administrative procedures, or merely as a means to collect attorney's fees. "To the extent § 504 would allow a plaintiff to circumvent ... state procedure, we are satisfied that the remedy conflicts with Congress' intent in the [EAHCA]." *Id.* at —, 104 S.Ct. at 3474; *see also Irving Independent School District v. Tatro*, — U.S. —, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984) (section 504 is inapplicable when relief is available under the EAHCA).

In this case, plaintiffs do not suggest that § 504 adds anything more to Diane's substantive right to a free public education,[7] a right which is already guaranteed by EAHCA. For this reason, any portion of the attorney's fees awarded by the district court based on § 794a(b) must be vacated.

## CONCLUSION

■■■ We remand this case to the district court for a redetermination of attorney's fees. No attorney's fees can be awarded for representation in connection with the administrative procedures under EAHCA. Any portion of the attorney's fees award attributable to work on the § 1983 claim based either on EAHCA or on the equal protection theory must be vacated. Similarly, any portion of the award of fees for time spent on the § 504 claim must be vacated.

With respect to the time spent by the appellee lawyers on the remaining constitutional claims, the remaining fee award may stand, provided that the district court determines on remand that plaintiffs prevailed on these complaints.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring in part and dissenting in part:

I join Judge Williams's thoughtful treatment of this developing area in all respects save one. I would conclude that no independent constitutional claim was stated by Diane[1] for the defendants' conditioning of her right to education on her mother's attendance at counseling sessions.

---

tional rights, especially since the award was made to Mrs. P., Diane, and their attorney jointly. It is similarly unclear to what extent Teresa Diane's procedural due process claims were redressed by either the injunction or the settlement.

7. The Supreme Court emphasized that their decision in *Smith v. Robinson* did not address the situation where EAHCA is unavailable or where

§ 504 *does* provide greater substantive rights than those provided under EAHCA. — U.S. —, 104 S.Ct. 3457, 3474, 82 L.Ed.2d 746 (1984). There is no allegation that this is the case on the present facts.

1. While dubitante, I agree that Diane's *mother's* claim (if she had one, a matter we do not decide) is independent of EAHCA.

The Supreme Court in *Smith v. Robinson*, —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984) accommodated competing policies. Parents and students cannot walk around the detailed remedial scheme of the EAHCA by resort to 42 U.S.C. § 1983 or recover attorney fees under § 1988 by adding a citation of § 1983 to a claim under EAHCA. At the same time, suits under § 1983 asserting distinct constitutional claims arising from the educational setting are not foreclosed. In this, I agree with the majority opinion.

Diane's claim, however, is not of independent constitutional significance. That is, it is not distinct from her effort to obtain the substantive benefits of the act. The claim that a constitutional right was infringed by the state agency's requirement that the parent participate in group counseling as a part of the child's individual education program is at bottom an assertion that the state was misreading the act. This claim was in fact proceeding along the administrative path set by Congress when disrupted by the filing of this federal suit, which sought no more, in my view, than the substantive benefits of EAHCA.

The supposed constitutional right claimed to have been invaded by the state's insisting upon participation in group counseling, as a condition to entitlement to the statutory benefit, cannot state a claim independent of the EAHCA unless it would be beyond the power of Congress to impose such a condition. If Congress *could* constitutionally require such participation, this claim cannot reach beyond a contention that Congress did not intend to allow such a requirement and that the state is misreading the EAHCA. After *Smith v. Robinson*, such claims are not cognizable under § 1983. The majority's holding must therefore rest on a denial that Congress has such power—a result that I am not prepared to accept. *Cf. Dublino v. New York State Dept. of Social Services*, 348 F.Supp. 290 (W.D.N.Y.1972) (3-judge court) (state can constitutionally condition public assistance on recipient's obtaining employment), *rev'd on other grounds*, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973);

*see generally Idaho Dept. of Employment v. Smith*, 434 U.S. 100, 98 S.Ct. 327, 54 L.Ed.2d 324 (1977) (minimal scrutiny is applied to legislative classifications affecting the distribution of government benefits).