John DOE, Plaintiff-Appellant,

Jack Smith,
Plaintiff-Intervenor-Appellant,

v.

Bill MAHER, et al.,
Defendants-Appellees.

No. 84–2720.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1986.

Decided July 28, 1986.

Toby Fishbein Rubin, San Francisco, Cal., for plaintiff-appellant.

Asher Rubin, Deputy Atty. Gen., Thomas Berliner, San Francisco, Cal., for defendants-appellees.

Before SNEED, SCHROEDER and BRUNETTI, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants John Doe and Jack Smith appeal from the district court's denial of their motion for reconsideration of its order denying their motion for attorney's fees. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case and the history of the proceedings below are summarized in our opinion in *Doe v. Maher*, 793 F.2d 1470 (9th Cir.1986). Only a few additional facts need be stated in order to provide the context of this appeal.

Counsel for Doe and Smith moved for attorney's fees on March 5, 1984. The district court denied the motion on April 5, 1984, *see* Excerpts of Record (E.R.) item 300, at 2, but stated that it would entertain a motion for reconsideration should any cases then pending before the Supreme Court be decided in such a way as to render reconsideration appropriate. *Id.* at 3. Doe and Smith did not timely file an appeal

from this order. Following the Supreme Court's decision in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), however, Doe and Smith moved for reconsideration. After examining the implications of *Smith*, the court denied the motion. *See* E.R. item 354. Doe and Smith take this appeal from that denial, not the original denial of attorney's fees.

## II.

## DISCUSSION

The Education of the Handicapped Act, 20 U.S.C. §§ 1401–1461 (as amended by the Education for All Handicapped Children act of 1975 (EAHCA))—the primary source of the rights asserted by Doe and Smith— does not provide for awards of attorney's fees in actions brought to enforce its detailed substantive and procedural requirements. *See Smith v. Robinson*, 468 U.S. 992, 1020–21, 104 S.Ct. 3457, 3472, 82 L.Ed.2d 746 (1984). The plaintiffs base their claim for fees, instead, on section 505 of the Rehabilitation Act, 29 U.S.C. § 794a, and 42 U.S.C. § 1988 (section 1988). The claim under section 505 derives from the defendants' alleged violations of section 504 of the Rehabilitation Act, 29 U.S.C. § 794, whereas the invocation of section 1988 is premised on alleged violations of 42 U.S.C. § 1983 (section 1983).

### A. *Section 505*

■ For the reasons stated in part III.A of our opinion in *Doe v. Maher*, 793 F.2d at 1470, none of the plaintiffs' claims are cognizable under section 504 of the Rehabilitation Act. Consequently, Doe and Smith are not entitled to attorney's fees under section 505.

### B. *Section 1988*

#### 1. *Standard of review*

A district court's denial of attorney's fees under 42 U.S.C. § 1988 is reviewable for abuse of discretion. *See Hamner v. Rios*, 769 F.2d 1404, 1406 (9th Cir. 1985). The same standard applies to its denial of a motion for reconsideration. Nonetheless,

"any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo.*" *Hall v. Bolger*, 768 F.2d 1148, 1150 (9th Cir. 1985).

#### 2. *The merits*
##### a. *Smith v. Robinson*

Section 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." 42 U.S.C. § 1988. In the instant case, the relief actually granted Doe and Smith by the district court was based only on the EAHCA. *See* E.R. item 354, at 2–3. The plaintiffs argue, however, that because they raised substantial—though unaddressed—claims under section 1983, they are entitled to attorney's fees pursuant to the rule in *Maher v. Gagne*, 448 U.S. 122, 130–31, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980).

The Supreme Court addressed a similar situation in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The Court held in *Smith* that the EAHCA's comprehensiveness indicated Congress's intent to bar litigants from circumventing the Act's remedial scheme—and thus obtaining attorney's fees—by resort to the more general provisions of section 1983. *See id.* at 1015–16, 104 S.Ct. at 3470–71. However, the section 1983 claim rejected by the Court in *Smith* was a *substantive equal protection claim* to a free appropriate public education. The Court left open the question whether a litigant could bring "an *independent due process challenge* to state procedures" without interfering with the EAHCA's purposes. *Id.* at 1014 n. 17, 104 S.Ct. at 3470 n. 17 (emphasis added). It observed that such a challenge would not be inconsistent with the EAHCA, and it found "no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process *they were constitutionally due.*" *Id.* (emphasis added).

As this language indicates, in referring to an *independent* due process challenge, the Court meant a challenge based on *constitutional,* not merely *statutory,* rights. *See, e.g., Bonar v. Ambach,* 771 F.2d 14, 18 (2d Cir. 1985); *Rose v. Nebraska,* 748 F.2d 1258, 1263 (8th Cir. 1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985); *Austin v. Brown Local School District,* 746 F.2d 1161, 1164 (6th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). Several courts interpreting *Smith*—notably the Eleventh Circuit in *Manecke v. School Board,* 762 F.2d 912, 917–21 (11th Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986)—have blurred this distinction. We, however, regard it as crucial.

### b. *Statutorily based § 1983 claims*

The Court in *Smith* did not specifically pass on the validity of a procedural claim based upon the "and laws" provision of section 1983, *see* 468 U.S. at 1004–05, 104 S.Ct. at 3465. The plaintiffs contend that such a claim is appropriate here. The EAHCA, they argue, provides mechanisms for reviewing final substantive administrative determinations but not for enforcing the Act's procedural guarantees. They conclude that, under these circumstances, their invocation of section 1983 to secure injunctive relief is the only available means of vindicating their federal rights, and therefore does not conflict with the Supreme Court's holding in *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983," *id.* at 20, 101 S.Ct. at 2626.

■ We disagree with the plaintiffs' initial premise. We find no such "gap" in the EAHCA. 20 U.S.C. § 1415(e)(2) empowers district courts to "grant such relief as ... is appropriate" for violations of the Act. This authorization encompasses the authority "to grant injunctive relief, either after

an unsuccessful and allegedly unfair administrative proceeding, or prior to exhaustion of the state remedies if pursuing those remedies would be futile or inadequate," *Smith,* 468 U.S. at 1014 n. 17, 104 S.Ct. at 3470–71 (noting the argument and citing cases). *See, e.g., Wilson v. Marana Unified School District No. 6,* 735 F.2d 1178, 1181 (9th Cir. 1984); *Monahan v. Nebraska,* 645 F.2d 592, 597 (8th Cir. 1981). There is no clearer example of futility than a case such as this. The local agency violated the Act's basic procedural dictates. Thus, Doe and Smith were entitled to injunctive relief directly under the EAHCA. The availability of this avenue of relief barred them from seeking similar relief—along with the added bonus of attorney's fees—under the "and laws" provision of section 1983. *See Sea Clammers,* 453 U.S. at 20–21, 101 S.Ct. at 2626–27; *Department of Education v. Katherine D.,* 727 F.2d 809, 819–20 (9th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2360, 86 L.Ed.2d 260 (1985).

### c. *Constitutionally based § 1983 claims*

Doe and Smith's alleged constitutional claims fare no better. As the Supreme Court stressed in *Smith,* "plaintiffs may not rely simply on the fact that substantial fee-generating claims were made during the course of the litigation. Closer examination of the nature of those claims and the relationship between those claims and petitioners' ultimate success is required." 468 U.S. at 1007, 104 S.Ct. at 3467. The crucial question, then, is whether the plaintiffs' constitutional claims were both substantial and "reasonably related to [their] ultimate success." *Id.,* 468 U.S. at 1007, 104 S.Ct. at 3467.

The district court determined that they were not. The court stated that its orders "were premised on noncompliance with the EAHCA" and that "[n]either § 504 nor § 1983 provided any independent basis of relief." E.R. item 354, at 2–3. This conclusion is supported by the record. The plaintiffs grounded their due process claims

only on the defendants' violations of the EAHCA and section 504. *See* E.R. item 43, at 14 (Doe's 10th cause of action); *id.* item 76, at 19 (Smith's 14th and 15th causes of action). We decline their invitation to equate violations of statutorily established procedural rights with violations of the Constitution. If every failure to abide by EAHCA procedures were to raise constitutional due process problems, nearly all EAHCA cases would be converted into constitutional disputes. Such a revolutionary outcome is unwarranted.

■ We do not hold that acts in violation of the EAHCA can never amount to constitutional due process violations—quite the contrary. *See, e.g., Rose v. Nebraska,* 748 F.2d 1258, 1263-64 (8th Cir. 1984), *cert. denied,* —U.S.——, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985) (holding that plaintiff can maintain an independent constitutional challenge based on alleged partiality of state due process hearing). In the instant case, however, the plaintiffs' EAHCA-related due process claims simply lacked the *independent* constitutional basis necessary for a valid cause of action under section 1983. *See Smith,* 468 U.S. at 1014-15 & n. 17, 104 S.Ct. at 3470 & n. 17; *Bonar v. Ambach,* 771 F.2d 14, 17-20 (2d Cir.1985); *Austin v. Brown Local School District,* 746 F.2d 1161, 1164-66 (6th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). As a consequence, they are not entitled to attorney's fees under section 1988.

AFFIRMED.

SCHROEDER, Circuit Judge, dissenting,

I respectfully dissent. The majority decides that there was no independent due process challenge within the meaning of *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). In my view it conflicts with the decision of the Eleventh Circuit in *Manecke v. School Board of Pinellas County,* 762 F.2d 912 (11th Cir. 1985). The Eleventh Circuit there held that where a party is "denied due process by effectively being denied access to 'the carefully tailored administrative and judicial

mechanism' found in the EHA, ... that party may seek relief under § 1983." *Id.* at 918 (quoting *Smith v. Robinson,* 468 U.S. at 1008-09, 104 S.Ct. at 3468). Plaintiffs have been successful in this case on a similar claim that the state denied them the procedural mechanism of the EAHCA when it suspended them without determining whether their conduct was handicap related. I would not create a conflict in this regard and would hold that attorneys' fees are awardable under section 1988.