James H. MONAHAN, as next friend of Daniel J. Monahan, George Rose, as next friend of Marla Rose, Appellants,

v.

STATE OF NEBRASKA, Charles Thone, Governor of The State of Nebraska, Board of Education, School District # 1, Douglas County, Nebraska, Owen Knutzen, Individually, and as Superintendent of School District # 1, Douglas County, Nebraska, Dale Samuelsen, Individually, and as Assistant Superintendent in Charge of Special Education, of School District # 1, Douglas County, Nebraska, Anne Campbell, Commissioner of Education for the State of Nebraska, State Board of Education, Walter M. Thompson, Individually, and as a Member of the State Board of Education, Margaret Lockwood, Individually, and as a Member of the State Board of Education, Frank E. Landis, Individually, and as a Member of the State Board of Education, Don M. Lienemann, Individually, and as a Member of the State Board of Education, Dorothy Creigh, Individually, and as a Member of the State Board of Education, Arlene E. Hart, Individually, and as a Member of the State Board of Education, William C. Ramsey, Individually, and as a Member of the State Board of Education, Dorothy Beaver, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, June Bostwick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Walter Calinger, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Pat Geringer, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Leo Hoffman, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Gaynelle Goodrich, Individually, and as a Member of the

Board of Education, School District # 1, Douglas County, Nebraska, Ruth Thomas, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Frank Bogard, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, McGruder, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James A. Monaghan, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, James Beutel, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Leo Kastrick, Individually, and as a Member of the Board of Education, School District # 1, Douglas County, Nebraska, Appellees.

George P. ROSE, as next friend of Marla Rose, Appellant,

v.

STATE OF NEBRASKA, Charles Thone, Governor of The State of Nebraska, Board of Education, School District # 1, Douglas County, Nebraska, Owen Knutzen as Superintendent of School District # 1, State Board of Education for the State of Nebraska, Anne Campbell, Individually, and as Executive Officer for the State Board of Education, State Department of Education for the State of Nebraska, Anne Campbell, Administrative Head of the State Department of Education, Anne Campbell, Commissioner of Education for the State of Nebraska, Patricia Harris, Secretary of HEW, Edward W. Martin, Office of Special Education, U.S. Department of Education, U.S. Department of Health, Education, and the U.S. Department of Education, Appellees.

Nos. 81–2106, 81–2196.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1982.

Decided Aug. 30, 1982.

Rehearing and Rehearing En Banc Denied Oct. 1, 1982.

Marla G. Rose, pro se.

Ronald D. Lahners, U.S. Atty., D. Nebraska and David J. Ryan, Asst. U.S. Atty., Omaha, Neb., for federal appellees in No. 81–2196.

Paul L. Douglas, Atty. Gen., Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., John P. Heil, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for the State of Nebraska, Its Agencies, Political Subdivisions, and Their Officers and Employees.

Mino St. Lucas, Omaha, Neb., for appellant Monahan.

Quintin S. Hughes, Bellevue, Neb., for appellant Rose.

* The Hon. Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. For a full statement of the facts, the reader is referred to the District Court's opinion on preliminary relief, *Monahan v. Nebraska*, 491 F.Supp. 1074 (D.Neb.1980), and to this Court's opinion on appeal therefrom, 645 F.2d 592 (8th

Before McMILLIAN, Circuit Judge, MARKEY,* Chief Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

James Monahan and George Rose brought these actions on behalf of their handicapped children, Daniel Monahan and Marla Rose, now Marla Corrado.[1] The complaints pleaded claims arising under the Education for All Handicapped Children Act of 1975 (EAHCA), 20 U.S.C. § 1401 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. The principal issue in this case, at least at its inception, has been the validity of the Nebraska statutory procedure for administrative appeals from placement decisions made by school officials. Plaintiffs claimed that Nebraska law as it existed when their complaints were first filed, Neb.Rev.Stat. § 43–662 (1978), gave the State Commissioner of Education the power to review conclusions reached by hearing officers on administrative appeals filed by dissatisfied parents. This power of review, it was argued, is in conflict with EAHCA itself, under which a decision made by an impartial hearing officer is final. After remand from this Court's decision on the prior appeal, having to do with preliminary relief, the District Court[2] dismissed the complaints as moot because the allegedly offending provision of state law had been amended to make it clear that the Commissioner of Education could not change a decision made by a hearing officer. L.B. 855, effective July 19, 1980, now codified as Neb.Rev.Stat. § 43–662 (Cum.Supp.1980), made this change. The District Court discussed other issues raised by the complaints and ultimately decided to dismiss them without prejudice.

Cir. 1981), as well as to the District Court's opinion on remand, *Rose v. Nebraska*, 530 F.Supp. 295 (D.Neb.1981), from which the instant appeal is taken.

2. The Hon. Richard E. Robinson, Senior United States District Judge for the District of Nebraska.

Plaintiffs appeal, claiming, among other things, that repeal of the challenged statute does not make the case moot. For the most part, we affirm, but we do remand for consideration of an award of attorney's fees to the plaintiff Rose.

## I.

 The question whether plaintiffs' original attack on the alleged inconsistency between Nebraska law and EAHCA is now moot need not detain us long. The inconsistency has disappeared, and there is no measurable possibility that it will ever recur. To pursue the issue now would be to render an advisory opinion, which we may not do under Article III of the Constitution. For the reasons ably set forth by the District Court, the question of conflict between the state and federal laws is no longer a live controversy. See *Rose v. Nebraska*, 530 F.Supp. 295, 298–99 (D.Neb.1981). Plaintiffs make certain other complaints about the Nebraska procedure implementing EAHCA, but these questions were resolved against them by this Court on the prior appeal. "The record establishes that the placement hearing was free from procedural error, save for the alleged impermissible review by the Commissioner." *Monahan v. Nebraska*, 645 F.2d 592, 599 (8th Cir. 1981). So far as prospective injunctive relief against the operation of the Nebraska statutory scheme is concerned, this case is moot.

## II.

 Even though the plaintiffs' attacks on the Nebraska procedural scheme for reviewing EAHCA complaints are moot, however, plaintiffs might still be entitled to review of the substantive decision made in the placement of their children, and they so contend on this appeal. We agree with the District Court that these issues are also moot. Marla Rose became 18 years of age on February 3, 1981, and on May 3, 1981, she married Timothy Corrado. Under Neb. Rev.Stat. § 38–101 (1978), Marla's minority ended with her marriage, and her residence therefore no longer automatically follows that of her parents. She and her husband have moved out of the Omaha School District, which was the principal defendant below, and, since February 6, 1981, Marla has voluntarily ceased attending classes. She now lives in another school district and does not attend school. While she has stated that she plans to move back to the Omaha School District and continue her education, we are not told when this will occur. Whether it will ever actually happen is speculative, and therefore the issues she raises about her proper educational placement are not yet ripe for adjudication. Given these circumstances, it would be improper for us to address her requests for declaratory and injunctive relief. See *De-Funis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

 The plaintiff Monahan contends that the question of his son, Daniel's, proper placement is not moot. Mr. Monahan wants this Court to direct the Omaha School District to contract with the Millard School District, School District No. 17, so that Daniel can attend the Developmental Center at the George Norris School, within the Millard School District, at the expense of the Omaha School District. As to this claim, we again agree with the District Court that relief is barred, not because of mootness, but because of failure to exhaust administrative remedies. Monahan never invoked the impartial hearing process provided by state law. On the prior appeal, we excused his failure to exhaust because of his contention, which undoubtedly had substance, that the procedures provided by Nebraska statutes were in conflict with federal law. It would make no sense to require someone to exhaust an administrative remedy when his very contention is that the remedy provided is unlawful. As we stated on the prior appeal 645 F.2d at 597: "Although the federal framework mandates initial resort to the state administrative process, 20 U.S.C. § 1415(e)(2), exhaustion is not required where it would be futile or where the administrative remedy would be inadequate . . . . In the present case, Mon-

ahan's claim that the state procedure on its face conflicts with the Federal Act could not be addressed effectively by the state administrative process."

■ The claimed defect in state law has now, as we have explained above, been cured, and Monahan can no longer successfully contend that state administrative remedies fail to comply with EAHCA. He must therefore exhaust those remedies before he can ask a federal court to direct for his child a different placement from that thought best by the school authorities. We note that Monahan, himself a member of the State Board of Education, must have known as early as July, 1980, that state law was being changed to comply with EAHCA. In addition, the record contains a letter addressed to Mr. Monahan, dated August 27, 1980, specifically advising him that state law had been changed and instructing him in detail how to avail himself of the administrative process provided by the state. Monahan made no move to seek administrative review of the placement decision which he now asks us to correct. In these circumstances we may not proceed with his claim, to the extent that he seeks prospective injunctive relief affecting his son's educational placement in the future.

### III.

Plaintiffs also press their claim for damages, which, to the extent that it is based on an allegedly substantively improper educational placement, as opposed to claimed procedural defects in the Nebraska statutes, would not be mooted by the change in state law. The District Court, citing *Stemple v. Board of Education*, 623 F.2d 893, 897 (4th Cir. 1980), held that damages are not recoverable for the costs of tuition at a school voluntarily selected by parents. We cited *Stemple* approvingly in our first opinion in this case, 645 F.2d at 598, and we have now held, in any event, that there is no private right of action for damages under EAHCA, except perhaps in exceptional circumstances not present here. *Miener v. Missouri*, 673 F.2d 969, 979–80 (8th Cir. 1982).

Plaintiffs correctly point out, however, that their complaints also relied on § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and we have now held, *Miener v. Missouri, supra*, 673 F.2d at 977–79, that there is a private right of action for damages under § 504, and that "§ 504 suits appropriately may be maintained in advance of the exhaustion of administrative remedies." *Id.* at 978 (footnote omitted). *Miener* was handed down several months after the District Court's opinion now being reviewed, and so necessarily raises issues that court did not consider.

■ We therefore turn to the allegations of plaintiffs' complaints[3] to determine what they are claiming with respect to the Rehabilitation Act, as opposed to EAHCA. We are left with many questions. Obviously the pleaders' main reliance was on EAHCA. Paragraph 2 of the original complaint, D.R. 2, alleges that "[t]his action is brought pursuant to the provisions of P.L. 94–142, The Education for All Handicapped Children Act." The gravamen of the complaint is that Nebraska has failed to provide for an impartial, "due process" hearing at which parents may contest educational placements, in violation of EAHCA. This procedural question is now moot, for reasons we have already described, and plaintiffs' other procedural complaints about the Nebraska statutory process are completely without merit. There are references in the complaints to § 504 of the Rehabilitation

---

**3.** We use the plural—"complaints"—because while the first appeal was pending Rose filed a new civil action in the District Court, No. 81–0–10 (now No. 81–2196 in this Court), primarily for the purpose of challenging a hearing officer's dismissal of an administrative appeal filed while the District Court's order that Marla be kept in the interim placement specified by the school district was still in effect. We agree with the District Court that No. 81–0–10 was duplicative of No. 80–0–164 (now No. 81–2106 in this Court), the case originally brought by Monahan and Rose together.

Act, but they are obscure, to say the least. We have read and reread these pleadings, and the claims of violation of § 504 seem to rest on the same procedural theories that plaintiffs have unsuccessfully urged under EAHCA. References to 42 U.S.C. § 1983 are even more cryptic and seem to have been included as another means of making the same procedural arguments. We are not persuaded, on the record before us, that it was error to dismiss these complaints without prejudice.

■ Our affirmance of a dismissal without prejudice technically leaves the way open to a re-filing of these cases on a new complaint. We have no wish to breed litigation that will do no one any good, so we add a few words for the guidance of the District Court and the parties if the matter is pursued. The Rehabilitation Act and EAHCA are entirely different statutes. EAHCA imposes an affirmative duty on recipients of federal funds to provide a free, appropriate education for handicapped children. The Supreme Court has recently explained the extent of this duty. *Board of Education v. Rowley*, —— U.S. ——, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). EAHCA is primarily a procedural statute, as the Supreme Court now seems to have construed it. It does impose a substantive duty, but only to afford an adequate education, not necessarily the kind of education necessary to maximize each handicapped child's personal development. Most questions of educational theory and methodology are left to the state's educational authorities. The Rehabilitation Act, on the other hand, is both broader and narrower than EAHCA. It is broader in the sense that it applies to a wide range of federally funded activities, not just to education. It is narrower in that it is not, generally speaking, an affirmative-action statute. "[N]either the language, purpose, nor history of § 504 reveals an intent to impose an affirmative-action obligation on all recipients of federal funds." *Southeastern Community College v. Davis*, 442 U.S. 397, 411, 99 S.Ct. 2361,

2369, 60 L.Ed.2d 980 (1979) (footnote omitted). Section 504, instead, is simply a prohibition of certain conduct on the part of recipients of federal financial assistance.

■ The Section reads, in pertinent part, as follows:

No otherwise qualified handicapped in-dividual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

The language of the statute is instructive. It prohibits exclusion, denial of benefits, and discrimination "solely by reason of ... handicap." Manifestly, in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the "free appropriate education" required by EAHCA must be shown. The reference in the Rehabilitation Act to "discrimination" must require, we think, something more than an incorrect evaluation, or a substantively faulty individualized education plan, in order for liability to exist. Experts often disagree on what the special needs of a handicapped child are, and the educational placement of such children is often necessarily an arguable matter. That a court may, after hearing evidence and argument, come to the conclusion that an incorrect evaluation has been made, and that a different placement must be required under EAHCA, is not necessarily the same thing as a holding that a handicapped child has been discriminated against solely by reason of his or her handicap. An evaluation, in other words, is not discriminatory merely because a court would have evaluated the child differently.

■ We do not read § 504 as creating general tort liability for educational malpractice, especially since the Supreme

Court, in interpreting the EAHCA itself, has warned against a court's substitution of its own judgment for educational decisions made by state officials. We think, rather, that either bad faith or gross misjudgment should be shown before a § 504 violation can be made out, at least in the context of education of handicapped children. It is our duty to harmonize the Rehabilitation Act and the EAHCA to the fullest extent possible, and to give each of these statutes the full play intended by Congress. The standard of liability we suggest here accomplishes this result and also reflects what we believe to be a proper balance between the rights of handicapped children, the responsibilities of state educational officials, and the competence of courts to make judgments in technical fields. So long as the state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals, we cannot believe that Congress intended to create liability under § 504.

The application of this standard to the complaints in this case as they now stand can yield only one result. After the claims of EAHCA violations and procedural inconsistencies between the Nebraska statute and EAHCA are laid to one side, nothing of substance in the way of allegations of fact remains, certainly nothing that could be said to amount to a charge of "discrimination" against either Marla Rose or Daniel Monahan. We therefore conclude, though for reasons somewhat different from those given by the District Court, that it was not error to dismiss the complaints without prejudice. What the Supreme Court has recently said in another context has some application here. "For these reasons, the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v.*

*Romeo,* —— U.S. ——, ——, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982) (footnotes omitted) (§ 1983 action against medical professionals).

IV.

It remains to consider plaintiffs' claim that this case is not moot because they are still entitled to an award of attorneys' fees, even if all of their substantive claims have now been properly disposed of. The question of attorneys' fees was not explicitly addressed by the District Court, but that Court's order dismissing the complaints must be taken to have implicitly rejected any suggestion that fees should now be awarded. We are partly in agreement. As to the plaintiff Monahan, we see no reason for award of attorney's fees or costs. The preliminary injunctive relief that he initially requested was denied by the District Court, and this denial was affirmed on his appeal to the Court of Appeals. *Monahan v. Nebraska, supra,* 645 F.2d at 598. It is clear, therefore, that Monahan has not prevailed on any claim, and he is therefore not entitled to attorney's fees, either under the Rehabilitation Act or 42 U.S.C. § 1988.

We think the situation is otherwise as to the plaintiff Rose. The District Court initially granted Rose's motion for a preliminary injunction. Defendants point out that this Court, on the first appeal, vacated that portion of the District Court's order requiring a second hearing on Marla Rose's placement. We are urged, therefore, to conclude that Rose, like Monahan, was not a prevailing party on the first appeal. We disagree. Although the precise form of relief granted by the District Court was vacated by this Court, we did not reject outright Rose's request for preliminary relief. We held only that "due to the passage of time and changed circumstances the form of relief granted should be modified." *Monahan v. Nebraska, supra,* 645 F.2d at 599. The case was remanded for the Dis-

trict Court to determine what relief might be appropriate. In addition, in the course of our opinion on the first appeal we agreed with the District Court that "the resulting harm to Marla Rose was irreparable and that preliminary relief was appropriate to limit such harm." *Id.* at 598. We think Rose was a prevailing party in these circumstances. It is true that only preliminary relief was involved, but this is not a case where Rose prevailed at the preliminary injunction stage, only to lose later on the merits. The dismissal of Rose's complaint after the remand was principally on the ground of mootness, not on the ground that the Nebraska statutory scheme, as it originally existed when this action was first instituted, was in fact in compliance with federal law.

 The initial proceedings in the District Court and on the first appeal to this Court were, it is true, based primarily on the EAHCA, and that statute contains no provision for attorneys' fees. Rose's complaint, however, also claimed, among other things, that the injection of the Nebraska Commissioner of Education into the hearing process prevented that process from being impartial, in violation of the Due Process Clause of the Fourteenth Amendment. A claim of that kind, of course, can be the basis for an action under 42 U.S.C. § 1983, and parties who prevail in actions to enforce § 1983 are, in the usual case, entitled to an award of attorneys' fees under 42 U.S.C. § 1988. It does not matter that the constitutional, or § 1983, ground was not actually reached, and that the complainant prevailed, to the extent that he did at all, on his EAHCA ground. Where a non-fee claim is joined with a non-frivolous claim under a statute providing for the award of fees, and the plaintiff prevails with respect to his non-fee claim, thus making it unnecessary for the Court to reach the § 1983 claim, an award of fees is nevertheless appropriate. See *Robert M. v. Benton*, 671 F.2d 1104 (8th Cir. 1982), a case with some similarities to the present ones.

Accordingly, although we affirm the District Court's dismissal of these complaints in most respects, a remand is appropriate for the limited purpose of determining the proper amount of attorney's fees and costs to be awarded to the plaintiff Rose, the fees and costs involved to be limited to those incurred up through the decision by this Court on the first appeal. Ordinarily this Court determines the proper amount of attorneys' fees to be awarded for services rendered before it, but since the appeal with respect to which the plaintiff Rose substantially prevailed was before another panel of this Court, we think the most expeditious way of handling the matter in the present situation is for the District Court, on remand, to determine the proper amount of fees and costs to be awarded both for services rendered before it at the preliminary-injunction stage of the case, and for services rendered before this Court on the first appeal.

### V.

The judgment of the District Court, dismissing the complaints without prejudice, is affirmed, except to the extent that it rejects the claim of the plaintiff Rose for an award of attorney's fees and costs. In this limited respect, the judgment of the District Court is vacated, and the cause remanded to that Court for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded.