**S–1, a minor, By and Through his mother and next friend, P–1, et al., Plaintiffs,**

**v.**

**Ralph D. TURLINGTON, individually and in his capacity as Commissioner of Education, et al., Defendants.**

No. 79–8020–Civ.

United States District Court,
S.D. Florida.

May 23, 1986.

Kathleen B. Boundy and Robert Pressman, Center for Law and Education, Cambridge, Mass., for plaintiffs.

John W. Bowen, Melvin, Bowen & Melvin, Ft. Lauderdale, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

ATKINS, District Judge.

This cause is before the court on defendants' motion to dismiss. In an order dated November 16, 1981, this court denied defendants' prior motion to dismiss which was based upon similar grounds. However, it is appropriate to consider the pending motion to dismiss because the posture of the case has changed significantly. The present matter concerns only the state defendants, because the local defendants have been severed and are the subject of separate proceedings. Similarly, the law has been clarified in many instances, and should be applied to the facts of the case in its present posture.

The motion was originally filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure based upon the court's lack of subject matter jurisdiction. Defendants argue that *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984) precludes multiple claim pleading whenever the Education for All Handicapped Children Act, 20 U.S.C. § 1400, *et seq.* ("EAHCA") provides for full and adequate relief. Defendants urge that adequate relief can be granted under the EAHCA, so plaintiffs' claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504"), 42 U.S.C. § 1983 ("§ 1983"), and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI") are barred. Next, defendants state that EAHCA requires the court to review the administrative proceedings. Since no administrative proceedings have occurred, defendants ar-

gue that this court does not have jurisdiction over the matter.

In the reply memorandum, defendants asserted two additional arguments.[1] First, they argued that the Eleventh Amendment prevented this court from considering certain claims against the State. Then, they argued that a sovereign state, state agencies and officials are not "persons" within the meaning of § 1983, and are, therefore, not subject to the jurisdiction of this court pursuant to that Act.

Having duly considered the motion, memoranda, record of this cause, and counsels' oral presentations, it is, ORDERED AND ADJUDGED that the motion is granted in part and denied in part.

## THE PARTIES

A. *The Named Plaintiffs and the Class*

1. This is a class action initiated by nine students enrolled in the special education program for educable mentally retarded pupils (EMR program) in the Hendry County school district.[2]

2. The description of the class for purposes of the "misclassification claim" in this case (Class C) was modified by order of December 12, 1985, to read as follows:

All black school children who have been, are or will be improperly placed in special education classes for the educable mentally retarded as a result of referral, evaluation, and placement standards approved by the State Defendants, and the State Defendants' monitoring, program dissemination, enforcement and evaluation standards and practices.

B. *The State Defendants*

A. The following Florida officials, named in their individual and official capac-

---

1. These arguments were addressed by plaintiffs' counsel during oral argument on the motion, and the court has carefully considered these issues after completing its own research.

2. In 1982, the Florida legislature changed the title of the educational classification involved in

the case from mentally retarded (EMR) to educable mentally handicapped (EMH). Thus, in these findings, depending upon the time or context, there are references to the EMR, EMH, or EMR/EMH program.

ities, are the defendant members of the State Board of Education [3]:

| Name | Office |
| --- | --- |
| Bob Graham | Governor |
| George Firestone | Secretary of State |
| Jim Smith | Attorney General |
| Ralph D. Turlington | Commissioner of Education |
| Bill Gunter | Treasurer |
| Gerald Lewis | Comptroller |
| Doyle Conner | Commissioner of Agriculture |

The defendant members of the State Board of Education have "the general powers to determine, adopt or prescribe such policies, rules, regulations or standards as are required by law...." F.S. § 229.053(1). Board members' "duties" include "[t]o ... perform such ... duties as may be necessary for the enforcement of all laws and regulations relating to the state system of public education." F.S. § 229.053(2), (f).

B. Defendant Ralph D. Turlington is also the Commissioner of Education for the State of Florida. He "is the chief educational officer of the state...." F.S. § 229.512. The Commissioner's "general powers and duties" include "recommending to the State Board of Education actions or policies ..." and "execut[ing] or providing for the execution of all acts and policies as are approved; ..." F.S. § 229.512(3) "The Commissioner shall periodically examine and evaluate procedures, records, and programs in each district to determine compliance with laws and rules established by the state board. Such evaluations shall include ... [t]he procedures ... for diagnosis and placement of students in special programs for exceptional students...." F.S. § 229.565(3).

C. Defendant Dr. Douglas Crawford is the Director of the Division of Public Schools, Department of Education.[4] State of Florida.

D. Defendant Dr. Wendy Cullar is Chief, Bureau of Education for Exceptional Students ("BEES"), Florida Department of Education. BEES is responsible for implementation of federal and state mandates concerning exceptional student education programs.

*The Nature of Plaintiffs' Claim and Status of This Case*

Plaintiffs challenge, in certain respects, the classification scheme established and administered by the State Defendants to provide education to exceptional students. This case specifically concerns the exceptional student education program for students "classified" (determined after evaluation to be) "educable mentally retarded"/"educable mentally handicapped." Plaintiffs alleged in their Second Amended Complaint that the EMR/EMH program in Florida has been disproportionately black in composition, resulting in an "educationally stifling" environment for them and improperly stigmatizing them. Because the federal mandates are not satisfied by Florida's standards and procedures for classifying students as EMR/EMH, plaintiffs assert that students have been "misclassified."

Plaintiffs contend that the EMR/EMH classification scheme administered by the state defendants is subject to the standards and safeguards set forth in four bodies of law. These include:

The Education for All Handicapped Children's Act, 20 U.S.C. § 1400 *et seq.* and its implementing regulations.

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and its implementing regulations.

The regulations implementing Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

---

**3.** The Florida Board of Education is the "State educational agency" which has ultimate responsibility for assuring that the requirements of the EAHCA are carried out. The Board is also responsible for insuring compliance with regulations implementing Section 504, the ED-GAR regulations of the U.S. Department of Education, and the regulations implementing Title VI.

**4.** The Florida Department of Education is "located in the offices of the Commissioner of Education [and] shall operate under the direction and control of the state board...." F.S. § 229.76. It "[p]erforms any ... functions that ... may be required by the commissioner, the State Board of Education, or law." F.S. § 229.-551(3)(*l*).

The Federal Education Department General Administrative Regulations (EDGAR), 34 C.F.R. § 76.

Plaintiffs also rely on 42 U.S.C. § 1983.[5]

### This Court's Prior Order Denying Motion to Dismiss

In its prior order denying the State Defendants' motion to dismiss, this court ruled that the EAHCA, Section 504 of the Rehabilitation Act, and Title VI, each creates a private right of action for injunctive and declaratory relief from the State Defendants (Order, p. 2). Second, this court explicitly held that administrative exhaustion was not required prior to judicial consideration of the misclassification claim where the administrative remedy is inadequate. *Id.* at 4–5. Further, the court found that resort to the administrative process to resolve the misclassification claim would be futile. *Id.* at 5. Next, the court determined that no exhaustion was required with respect to section 1983, because the administrative remedy was inadequate.[6] Finally, this court ruled that the "jurisdictional challenge is totally without merit." Jurisdiction over the § 504, Title VI, and § 1983 claims were properly based upon 28 U.S.C. § 1331. *Id.* at 8.

### Claim Preclusion Under Smith v. Robinson

In *Robinson,* the parents of a handicapped child filed suit in a United States District Court concerning the failure of the defendant to provide their child a free appropriate public education. Plaintiffs sought relief based on state law, on the EAHCA, on § 504, and on § 1983. The § 1983 claim was based upon alleged violations of the due process and equal protection clauses of the Fourteenth Amendment. Ultimately, the plaintiffs obtained relief on the basis of their state law claim. Because attorney's fees are not available to a prevailing party under the EAHCA, the court awarded attorney's fees and costs to the plaintiffs on the basis of 42 U.S.C. § 1988 (on the grounds that plaintiffs had raised substantial independent constitutional claims under § 1983) and § 505 of the Rehabilitation Act, 29 U.S.C. § 794a (on the grounds that plaintiffs had alleged a violation of § 504). The Court of Appeals reversed. 703 F.2d 4 (1st Cir.1983).

The Supreme Court affirmed, holding that the EAHCA was intended by Congress "to be the exclusive avenue through which a plaintiff may assert *an equal protection claim to a publicly financed special education." Robinson,* 104 S.Ct. at 3470 (emphasis added). Similarly, the Court ruled that Congress intended to ban the use of an overlapping claim under § 504 for otherwise unavailable damages or for an award of attorney's fees. *Id.* at 3474.

The Court indicated, however, that its ruling was limited. For example, after stating that the EAHCA precluded an equal protection claim, the court noted that the "maintenance of an independent due process challenge to state procedures would not be inconsistent with the EHA's comprehensive scheme."[7] *Id.* at 3471–72 n. 17. Similarly, while the court indicated that the EAHCA would generally preclude a § 504 claim, it stressed that this would not always be true. The Court stated:

---

**5.** Plaintiffs' referred to 42 U.S.C. § 1983 for the reasons. First, to buttress their right to assert claims based upon Section 504 and Title VI by linking those bases with Section 1983. See *Guardians Association v. Civil Service Commissioner for the City of New York,* 463 U.S. 582, 584 n. 2, 103 S.Ct. 3221, 3223, n. 21, 77 L.Ed.2d 866 (1983). Second, to buttress their right to assert claims based upon the EDGAR regulations.

**6.** This court cited the *en banc* appellate ruling in *Patsy v. Florida International University,* 634 F.2d 900 (5th Cir.1981). Later, the United

States Supreme Court rejected a general exhaustion requirement in § 1983 actions. *Patsy,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

**7.** The Eleventh Circuit has recently held that a due process claim can be asserted. "[W]e conclude that where, as here, the local educational agency deprives a handicapped child of due process by effectively denying that child access to the heart of the EHA administrative machinery, the impartial due process hearing, an action may be brought under § 1983." *Manecke v. School Board of Pinellas County, Florida,* 762 F.2d 912, 919 (11th Cir.1985).

Where § 504 adds nothing to the substantive rights of a handicapped child, we cannot believe that Congress intended to have the careful balance struck in the EHA upset by reliance on § 504 for otherwise unavailable damages or for an award of attorney's fees.

*We emphasize the narrowness of our holding.* We do not address a situation where the EHA is not available or where § 504 guarantees substantive rights greater than those available under the EHA. *We hold only where, as here, whatever remedy might be provided under § 504 is provided with more clarity and precision under the EHA, a plaintiff may not circumvent or enlarge on the remedies available under the EHA by resort to § 504.*

*Id.* at 3474 (emphasis added).

The Court noted that § 504 and EAHCA effectuate slightly different goals.

While the EHA guarantees a right to a free appropriate public education, § 504 simply prevents discrimination on the basis of handicap. But while EHA is limited to handicapped children seeking access to public education, § 504 protects handicapped persons of all ages from discrimination in a variety of programs and activities receiving federal financial assistance.

Id. at 3472. Thus, § 504 remains particularly important in cases involving discrimination against handicapped individuals. *See id.* at 3473 n. 22.

In *Georgia State Conference of Branches of NAACP v. Georgia,* 775 F.2d 1403 (11th Cir.1985), the Eleventh Circuit addressed a situation very similar to the one at hand. That case involved a civil rights class action in which the plaintiffs asserted that the policies and practices of the Georgia State Board of Education and many local school districts assigned black students to regular classes and programs for the educably mentally retarded in a dis-

criminatory manner. The plaintiffs based their handicap discrimination claim on § 504. Later, the court amended the judgment "holding that plaintiffs could not maintain the action under section 504." *Id.* at 1408.

■ During its discussion, the court identified the importance of § 504 in a misclassification case. "Without deciding the issue, we note that *Robinson* apparently does not govern the plaintiffs' substantive handicap discrimination claim because only section 504 includes the plaintiffs' misclassification theory." *Id.* at 1427 n. 39. Thus, in the case at hand, the § 504 misclassification claim squarely falls within *Robinson's* exception concerning those claims where relief is unavailable under the EAHCA or where § 504 provides greater substantive rights.[8]

■ The analysis concerning plaintiffs' Title VI claims is similar to the analysis of the § 504 claims. *Robinson* does not appear to preclude plaintiffs' Title VI claims because these claims fall within the exception concerning unavailability under EAHCA or greater substantive rights. The Title VI claims involve classic claims of broad scale racial discrimination. *See Alexander v. Choate,* 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985) (characterizing disparate impact claim available under Title VI regulations). Section 601 of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

In short, it seems clear that Title VI is designed to achieve a different goal than § EAHCA.

---

**8.** Plaintiffs have urged that it would be premature to dismiss any of their claims because it is anticipated that pending legislation will be enacted to overrule the effects of *Robinson.* This contention has no merit. This court must resolve these claims under the present state of the law.

*Exhaustion of Administrative Remedies*

■ Defendants argue that the court lacks jurisdiction over the EAHCA claims because no administrative proceedings have occurred as required by 20 U.S.C. § 1415(e)(2). Defendants' assertion is generally true. *See Manecke*, 762 F.2d at 923. However, exhaustion is not required when the remedies are futile or inadequate. *Robinson* 104 S.Ct. at 3470 n. 17, 3473 n. 23. In fact, futility of administrative exhaustion has frequently been accepted as a valid ground for pursuing EAHCA claims directly in the district court. See, *e.g.*, *Monahan v. State of Nebraska*, 687 F.2d 1164, 1168 (8th Cir.1982); *Riley v. Ambach*, 668 F.2d 635, 640–41 (2d Cir.1981); *Armstrong v. Kline*, 476 F.Supp. 583, 601–602 (E.D.Pa.1979) *remanded on other grounds, Battle v. Commonwealth of Pennsylvania*, 629 F.2d 269 (3d Cir.1980), *cert. denied*, 452 U.S. 968, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981). Moreover, it seems clear that Congress did not intend to require exhaustion in all cases.[9]

Finally, the Eleventh Circuit has indicated that it is insignificant that the administrative procedures have been improved subsequent to the filing of a lawsuit. *See Georgia State Conference of Branches of NAACP*, 775 F.2d at 1424–25 n. 35.

*The Eleventh Amendment* [10]

Defendants assert that the Eleventh Amendment stands as a general bar to suits against the state in federal court. Specifically, defendants rely upon a recent Supreme Court case in which the Court held "that the Rehabilitation Act does not abrogate the Eleventh Amendment bar to suits against the states." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Plaintiffs contend that the Eleventh Amendment does not proscribe all forms of relief.

■ The Eleventh Circuit recently undertook a comprehensive examination of the Eleventh Amendment in *Gamble v. Florida Department of Health and Rehabilitation Services*, 779 F.2d 1509 (11th Cir. 1986). "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Id.* at 1511. Yet, the state's immunity is not absolute. Injunctive and declaratory relief can be obtained by naming state officials as defendants and requesting that the officer be enjoined from further unconstitutional conduct. *Id.; see also Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3107 n. 18, 87 L.Ed.2d 114 (1985). Plaintiffs may also collect "montery relief that is 'ancillary' to injunctive relief." *Graham*, 105 S.Ct. at 3107 n. 18. In addition, plaintiffs may seek damages against state officers individually. *Gamble*, 779 F.2d at 1512–13.

■ In the present case, the Eleventh Amendment precludes monetary relief against the state and its agencies under certain statutes. First, the court notes that Florida has not waived its Eleventh Amendment sovereign immunity.[11] *See id.* at 1513–20. Moreover, the Supreme Court has indicated that Congress did not intend to abrogate the states' Eleventh Amend-

---

**9.** In addressing the Senate in its debate on the conference report on EAHCA Senator Williams, author of the Senate bill and chairman of the Labor and Public Welfare Committee explained: "Mr. President, with regard to complaints, I want to underscore that exhaustion of the administrative procedures established under this part should not be required for any individual complaint filing a judicial action in cases where such exhaustion would be futile either as a legal or practical matter. Nor is it intended that the availability of these administrative proceedings be construed so as to require each member of the class to exhaust such procedures in any

class action brought to redress an alleged violation of the statute." 121 Cong.Rec. 37416 (1975).

**10.** The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United by Citizens of another State, or by Citizens or Subjects of any Foreign State.

**11.** The Eleventh Amendment is not a bar under the EAHCA, because "Congress effectively subjected the states to suit in federal court." *David D. v. Dartmouth School Committee*, 775 F.2d 411, 421 (1st Cir.1985).

ment immunity by enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Similarly, the Court held "that the Rehabilitation Act does not abrogate the Eleventh Amendment bar to suits against the States." *Scanlon*, 473 U.S. at ——, 105 S.Ct. at 3152, 87 L.Ed.2d at 182.

### Conclusion

In summary, the court notes that *Robinson* prevents a plaintiff from asserting a § 504 claim where a remedy might be provided under the EAHCA. Thus, most § 504 claims must be dismissed with the exception of those based on misclassification theory not covered under the EAHCA. In this case, exhaustion of administrative remedies is not required. Finally, the Eleventh Amendment would preclude monetary relief against the state and its agencies pursuant to any § 1983 and § 504 claims.