No. 96-1520

Jacob Todd, By Father, Jim Todd, *
and Mother, Patsy Todd,                 *
                                        *
          Appellee,                     *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the
Elkins School District No. 10;          *   Western District of Arkansas.
                                        *
          Defendant,                    *        [UNPUBLISHED]
                                        *
John R. Smith; Jane Vaught;             *
Marsha Wenzel; Jana Eaton,              *
                                        *
          Appellants.                   *

_____

Submitted:  January 3, 1997

Filed:  January 10, 1997
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Jim and Patsy Todd, on behalf of their minor child, Jacob Todd, filed this action against the Elkins school district and several of its employees, both in their official and individual capacities.  They alleged violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 to 1491o; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and 42 U.S.C. § 1983.  The district court denied qualified immunity to defendants in their individual capacities on a motion to dismiss, and we affirm in part and reverse as to one claim.

     The complaint alleged that on November 17, 1994, Jacob, a fourth grade special education student with muscular dystrophy,

fell from his unbuckled wheelchair and broke his leg while being pushed to the playground over a rough and uneven field by a fellow student.  The Todds requested compensatory damages of $500,000 for Jacob's broken leg, medical expenses, pain and suffering, permanent disability, damage to his self-esteem and confidence, diminished mobility and health, loss of earning capacity, and likelihood of a shortened longevity, and punitive damages of $1 million.

We review the district court's denial of a motion to dismiss on the basis of qualified immunity de novo, viewing the allegations in the complaint in the light most favorable to the plaintiff and accepting them as true.  Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996), petition for cert. filed, 65 U.S.L.W. 3433 (U.S. Dec. 2, 1996) (No. 96-906).  At this early stage, qualified immunity would be granted only if immunity is established on the face of the complaint.  Id.  We will address only the qualified immunity issue at this stage; we will not address other issues before the district court, such as whether the allegations in the complaint were pled with sufficient specificity.  See id.

We find that the Todds did not assert a claim under the IDEA, as they did not claim reimbursement for any expenses they paid to ensure Jacob's safe transportation.  See Heidemann v. Rother, 84 F.3d 1021, 1032-33 (8th Cir. 1996) (general and punitive damages not available under IDEA for injuries such as pain and suffering, emotional anxiety, distress, and loss of skills; damages limited to reimbursement of expenses).  Thus, we dismiss the Todds' IDEA claim.  See Seigert v. Gilley, 500 U.S. 226, 232 (1991) (whether federal right has been violated is "necessary concomitant" of whether right was clearly established and objectively discernible).

The Rehabilitation Act prevents discrimination on the basis of handicap, and damages are not limited as they are under the IDEA.  See Rodgers v. Magnet Cove Pub. Schs., 34 F.3d 642, 643-44 (8th Cir. 1994). But cf. Moreno v. Consolidated Rail Corp., 99 F.3d

782, 791 (6th Cir. 1996) (en banc) (punitive damages not available under Rehabilitation Act). The Todds alleged in the complaint that Jacob "was excluded from the benefits of the Defendants' programs solely because of his disability" and that defendants discriminated against Jacob by intentionally using unsafe conditions, namely the "unlevel and unimproved field," to transport him. They also alleged that defendants acted with "thoughtless indifference and an intentional disregard" for Jacob's safety. These allegations are sufficient to state a claim under the Rehabilitation Act. See 29 U.S.C. § 794(a); Heidemann, 84 F.3d at 1032 (quoting Monahan v. State of Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982), cert. denied, 460 U.S. 1012 (1983)) (defendants must have acted with "bad faith or gross misjudgment").

The regulations implementing the Rehabilitation Act require the school district to provide Jacob with a free appropriate public education, including "related aids and services." See 34 C.F.R. § 104.33 (1994). Included are non-academic services, such as transportation. 34 C.F.R. § 104.37 (1994). We agree with the district court that implicit in the transportation requirement is the requirement of safe transportation. Cf. W.B. v. Matula, 67 F.3d 484, 501 (3d Cir. 1995) (implicit in "child find" duty in IDEA is requirement that the duty be discharged within reasonable time; no qualified immunity). Thus, we agree that Jacob's right to safe transportation in and around the school was clearly established under the regulations, and that defendants should have reasonably known they were violating that right by allowing an untrained fourth grader to push Jacob's wheelchair, without buckling his seatbelt, over a rough and uneven field. See Heidemann, 84 F.3d at 1028 (qualified immunity standard). Whether they did so with the required mental element is a question of fact that we may not address in this appeal.

As to the section 1983 claim, the Todds alleged that defendants "established a custom, policy, and consistent practice"

of denying Jacob his rights.  We find that they stated a sufficient section 1983 claim based on the substantive rights in the Rehabilitation Act. Accordingly, we remand for the district court to dismiss the IDEA claim, but affirm the denial of qualified immunity on the Rehabilitation Act and section 1983 claims.

We grant appellants' motion to strike the hearing officer's report from appellees' addendum.  See Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.