**Julian CHAPMAN, Petitioner,**

v.

**U.S. COMMODITY FUTURES TRADING COMMISSION, Respondent.**

**No. 85–2511.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 1986.*

Decided March 4, 1986.

Opinion April 11, 1986.**

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). In both his brief and reply brief, petitioner waived oral argument, and thus, the appeal has been submitted on the briefs and record.

** This appeal was originally decided by unreported order on March 4, 1986. *See* Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Julian Chapman, Lannon, Wis., for petitioner.

Whitney Adams Commodity Futures Trading Com'n, Washington, D.C., for respondent.

Before BAUER, CUDAHY, and COFFEY, Circuit Judges.

PER CURIAM.

Julian Chapman seeks review of an order of the Commodity Futures Trading Commission ("CFTC") issued in a reparation proceeding conducted pursuant to Section 14 of the Commodity Exchange Act, 7 U.S.C. § 18. The CFTC declined to reconsider its summary affirmance of an Administrative Law Judge's ("ALJ") dismissal of this matter. We deny Chapman's petition for the reasons that follow.

## I.

Chapman, as a trustee of the Mars Three Trust, opened an account with the International Trading Group ("ITG") in December 1981. ITG is a firm registered with the CFTC as a commodity broker. Chapman also executed a power of attorney authorizing Ira Skazal, an ITG associate, to trade without Chapman's authority when a trading decision was required and when Chapman was unavailable for instructions.

ITG subsequently purchased for Chapman seven gold put options by Mocatta Metals Corporation ("Mocatta"), of which three were sold at a profit and four expired, thus causing Chapman to lose the premiums on the expired options. Chapman responded to this loss by filing a reparations complaint against ITG with the CFTC on August 23, 1983, alleging deception and breach of contract. In its answer, ITG denied these allegations.

An ALJ was assigned to this matter on May 1, 1984, and he set a discovery schedule on May 13. By a notice dated May 31, 1984, the ALJ set an evidentiary hearing for September 18, 1984, in Chicago, Illinois. Both parties were also ordered to advise the CFTC Proceedings Clerk in writing before August 31, 1984, as to whether or not they intended to participate in this hearing. A failure to comply with this directive was deemed to constitute a waiver of oral hearing.

ITG then began the discovery process by sending both interrogatories and document requests to Chapman, who on June 11, 1984, filed a letter objecting to these requests as both burdensome and irrelevant. He further claimed that ITG had possession of all responsive documents. Chapman also wrote that he believed a hearing was unnecessary, but if one was required, that the Chicago site be changed to either New York or Boston. The ALJ responded by asking Chapman to "make a good faith effort to comply with [ITG's] ... discovery requests."

When Chapman failed to provide ITG's requested materials, ITG moved for an order compelling discovery. On July 10, 1984, the ALJ ordered Chapman to provide all responsive information by August 13, 1984, cautioning that a "[f]ailure to comply

may result in sanctions, including dismissal." In addition, the ALJ set the hearing for October 24, 1984, in New York City.

On July 31, 1984, Chapman moved for reconsideration of the July 10th order compelling discovery. He claimed that he did not receive this order until July 30, 1984, at his New England address, and that it was thus impossible for him to respond by August 13, 1984.

ITG moved for sanctions on August 27, 1984, against Chapman for his failure to produce discovery, and Chapman did not file any opposition to ITG's motion. On October 11, 1984, the ALJ granted ITG's motion and dismissed Chapman's case. The CFTC summarily affirmed the ALJ's decision on May 30, 1985, concluding that Chapman's failure to comply with the discovery order and his refusal to confirm his appearance at the hearing justified dismissal. *See* 17 C.F.R. § 12.35 (1984).

Chapman responded by filing a document entitled "Non-Acceptance of Order of Summary Affirmance Received 6–22–85," and the CFTC, treating this as a motion for reconsideration, denied the motion on August 29, 1985. On September 4, 1985, Chapman petitioned this court to review the CFTC's order.

## II.

On appeal, Chapman contends that he was denied both "reliable and adequate communications" as well as "equal due process." He concedes that his argument lacks "a well-known basis in precedent," and he struggles to present a legally cognizable claim. The CFTC, on the other hand, focuses on whether it abused its discretion by refusing to reconsider its order summarily affirming the ALJ's dismissal of Chapman's case.

Our role in reviewing CFTC reparation orders is extremely narrow, *Simmons v. United States*, 698 F.2d 888, 892–93 (7th Cir.1983), as "the findings of the Commission, as to the facts, if supported by the weight of the evidence, shall be conclusive." 7 U.S.C. § 9. The function of this court is something other than that of mechanically reweighing the evidence to ascertain in which direction it "preponderates"; it is rather to review the record with the purpose of determining whether the finder of fact—here the ALJ—was justified. *Silverman v. Commodity Futures Trading Commission*, 549 F.2d 28, 30 (7th Cir.1977). In addition, this court has consistently deferred to an administrative agency's discretion regarding procedural rulings such as discovery sanctions. *See Simmons*, 698 F.2d at 892 (citing *Vermont Yankee Nuclear Power Co. v. Natural Resources Defense Counsel, Inc.*, 435 U.S. 519, 543, 98 S.Ct. 1197, 1211, 55 L.Ed.2d 460 (1978)).

■ The CFTC promulgates regulations which prescribe possible sanctions for a party's failure to comply with discovery rulings, 17 C.F.R. § 12.66, even though "there is no basic constitutional right to pretrial discovery" in CFTC proceedings. *Silverman*, 549 F.2d at 33 (quoting *Starr v. Commissioner of Internal Revenue*, 226 F.2d 721, 722 (7th Cir.), *cert. denied*, 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859 (1956)). If a party fails to comply with a notice relating to discovery, the ALJ may decide against that party. 17 C.F.R. § 12.-66. Here, Chapman failed to produce responsive documents in violation of the ALJ's order of July 10, 1984. Thus, the October 11, 1984, dismissal was an extreme, yet appropriate sanction for Chapman's failure to file timely and complete responses to interrogatories.[1] *See Loctite*

---

1. The CFTC ordinarily defers to the ALJ's choice of discovery sanctions. *See Fink v. Reynolds Securities, Inc.*, 2 Comm.Fut.L.Rep. (CCH) ¶ 22,-745 (CFTC Sept. 16, 1985). Since the CFTC frequently looks to federal courts for guidance in dealing with neglect in discovery matters, *Joubert v. Chartered Systems Corp. of New York*, 2 Comm.Fut.L.Rep. (CCH) ¶ 22,481 (CFTC Jan. 25, 1985), the respondents ask us to apply essentially the same standards for Section 12.66 as we do with Fed.R.Civ.P. 37(b). This seems to be an apt analogy, and as Chapman has exhibited a disregard for the judicial process by failing to participate in discovery, we shall uphold the dismissal. *See United States v. An Undetermined Quantity of an Article of Drug Labeled*

*Corp. v. Fel-Pro*, 667 F.2d 577, 583 (7th Cir.1981) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)). *See also Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469 (7th Cir.1984) (discussing sanctions for violation of Fed.R.Civ.P. 37(b)). As this agency sanction was within statutory limits, it can be upset only if it reflects an abuse of discretion. *American Power & Light Co. v. Securities and Exchange Commission*, 329 U.S. 90, 112-13, 67 S.Ct. 133, 145-46, 91 L.Ed. 103 (1946); *Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185-86, 93 S.Ct. 1455, 1457-58, 36 L.Ed.2d 142 (1973); *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir.1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983); *Haltmier v. Commodity Futures Trading Commission*, 554 F.2d 556, 563 (2d Cir.1977).

 Chapman's final contention is that the ALJ's order evidences bias against him. This allegation of partiality, if proven, would indicate an abuse of discretion. Chapman's contention, however, lacks even the remotest support in the record. We presume that CFTC officials and ALJs dispassionately perform their responsibilities. *Myron v. Chicoine*, 678 F.2d 727, 733 (7th Cir.1982) (citing *United States v. Morgan*, 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941)). Chapman fails to rebut this presumption, for he does not allege facts that would reveal the ALJ's bias or prejudice. Such partiality "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Ma v. Community Bank*, 686 F.2d 459, 472 (7th Cir.), *cert. denied*, 459 U.S. 962, 103 S.Ct. 287, 74 L.Ed.2d 273 (1982) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). *See also Mitchell v. Premex, Inc.*, 2 Comm. Fut.L.Rep. (CCH) ¶ 22,556 (CFTC March

29, 1975) (claim of ALJ's bias was legally insufficient). Nowhere does Chapman suggest that the ALJ's bias stems from an extrajudicial source. Nor does Chapman demonstrate that the ALJ's opinions on the merits of the case were based on information other than that he learned from participation in the case. Merely reciting that the "ALJ continued non-recognition of Petitioner/Complainant's reciprocal rights to discovery" without more fails to constitute disqualifying judicial bias.

Chapman's dismissal was the product of his own creation: his neglect of the ALJ's orders and his flagrant nonparticipation in the discovery process provided a justifiable basis for the ALJ's sanctions. Accordingly, we deny Chapman's petition for review.

---

as Benylin Cough Syrup, 583 F.2d 942, 947 (7th Cir.1978). We expect parties at least to inquire as to the status of their case, *Benn Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d

805, 809-11 (7th Cir.1977), and Chapman's lack of diligence justified the ALJ's action. *See Locascio*, 694 F.2d at 499.