2 F.Supp.2d 1214 (1997)
Richard BREEN, a minor, By and Through his next friend, Linda BREEN, and Frank and Linda Breen, individually Plaintiffs,
v.
ST. CHARLES R-IV SCHOOL DISTRICT, Mark Keen, J. Larry Milan, Jerry E. Reese, Marta Baier, Jean Meyer, Gary Lacey, Dr. Wayne Oetting, Diane Rallo; Missouri Department of Elementary and Secondary Education, Robert E. Bartman, and John Heskett, Defendants.
No. 4:95CV01121 ERW.
United States District Court, E.D. Missouri, Eastern Division.
May 16, 1997.
As Corrected May 19, 1997, Nunc Pro Tunc.
*1215 *1216 Ramon J. Morganstern, Brent C. Cantor, Ramon J. Morganstern, P.C., Clayton, MO, for plaintiffs.
Robert D. Younger, Amelung and Wulff, St. Louis, MO, James G. Thomeczek, Thomeczek Law Firm, St. Louis, MO, for Defendants St. Charles R-VI School Dist., Mark Keen, J. Larry Milan, Jerry E. Reese, Marta Baier, Jean Meyer, Gary Lacey, Wayne Oetting, Diane Rallo.
John F. Brink, Assistant Attorney General, St. Louis, MO, for Defendants Missouri Department of Elementary and Secondary Educ., Robert E. Bartman, John Heskett.

*1217 MEMORANDUM AND ORDER

WEBBER, District Judge.
This action is before the Court upon defendants' motions for summary judgment [documents # 55 and # 56] under Federal Rule of Civil Procedure 56(c), and on plaintiffs' request for leave to file a response [document # 72] to state defendants' motion for summary judgment.
Plaintiffs are Linda and Frank Breen, the parents of Richard (Ricky) Breen. Defendants are in two groups: (1) the St Charles R-IV School District and district officials Mark Keen, J. Larry Milan, Jerry E. Reese, Marta Baier, Jean Meyer, Gary Lacey, Dr. Wayne Oetting, and Diane Rallo, sued in their official capacities (collectively referred to as "District"), and (2) the Missouri Department of Elementary and Secondary Education and officials Robert E. Bartman and John Heskett, sued in their official capacities (collectively referred to as "DESE"). Counts I-III are common to all defendants. Plaintiffs seek relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1485 (Count I); Section 504 of the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. § 794, et seq., (Count II) and the Civil Rights Act, 42 U.S.C. § 1983 (Count III). Count IV alleges procedural deficiencies by DESE in violation of Missouri state law and Count V seeks reimbursement from the defendants for the costs of pursuing this matter under 20 U.S.C. § 1415.
Plaintiffs seek judicial review of a three-member due process panel hearing held pursuant to 20 U.S.C. § 1415 and Missouri Revised Statutes § 162.961. Plaintiffs allege that the District and the DESE failed to provide a free and appropriate public education (FAPE) as required under the IDEA, and failed to provide certain educational and related services to their son Ricky Breen. Plaintiffs allege that because those services were not provided, that defendants must now pay for Richard's placement at the Metropolitan School (Metropolitan), a private institution, under a purchase of service provision allowed under the IDEA. They ask the Court to reverse the decision of a three-member state hearing panel, find that DESE and the District have violated the law by failing to provide a FAPE to Richard at District's Jefferson Middle School (Jefferson); order that such services currently being provided at Metropolitan be paid for by the District, and award attorneys' fees and costs to plaintiffs. They also allege violations of due process and equal protection, and violations of state law governing the administrative review process, and seek damages under 42 U.S.C. § 1983. The District argues that a FAPE was provided to Ricky; that the free appropriate public education was in a public school setting, and that plaintiffs elected unilaterally to place Ricky in a private school. The Court will now turn to an examination of the facts, noting that plaintiff does not dispute defendants factual recitation, but instead attempts to interpret them or raise other issues.
Ricky Breen is a fifteen-year-old male student who resides within the St. Charles R-IV School District. Ricky has the following medical diagnoses: congenital nystagmus, mild Tourette's Syndrome, and a mild attention deficit disorder. Ricky has the educational diagnoses of learning disabled in the area of basic reading skills; learning disabled in the area of reading comprehension; learning disabled in the area of written expression; speech impaired; and language disordered. Ricky was last evaluated by the District during the 1993-94 school year. After the initial testing was completed early in 1994, the District determined that it was necessary to conduct additional testing in the area of language. A staffing to review the language evaluation data was held on February 4, 1994.
Following the February 4, 1994 educational staffing, the District scheduled a meeting with the parents for February 23, 1994, for the purpose of reviewing, and if necessary, revising Ricky's individualized education program ("IEP"), in light of the new evaluation data. Section 1414(a)(5) of Title 20 requires the district to establish, review, and revise as needed an individualized education program ("IEP") for each handicapped child.
Just before the planned meeting regarding the evaluation was to take place, the Jefferson Middle School Assistant Principal, Donna Thrower, found a controlled substance in Ricky's locker. Possession of a controlled substance on school grounds carries with it a *1218 significant disciplinary consequence, and the District acted to impose a long term suspension.
Because what was contemplated was a long term suspension and because Ricky is a student with a disability, it was incumbent upon the District to determine whether the conduct giving rise to the long term suspension the possession of a controlled substance was a manifestation of Ricky's disability. Accordingly, the purpose of the IEP meeting was modified and expanded to include the manifestation issue. To allow the District to have appropriate personnel present at the IEP meeting, it was rescheduled to March 1, 1994.
Present at the IEP meeting were Dr. Roberta Brendan, Director of Special Education for the District; Ms. Gina Peters, a Speech Pathologist and Education Resource Teacher for the District; Ms. Becky Hallmeier, Ricky's special education teacher; Ms. Donna Thrower, the Assistant Principal of Jefferson Middle School; Mrs. Linda Breen, Ricky's mother; and Mr. Frank Breen, Ricky's father. Language goals were added to Ricky's IEP, as were behavior goals, to be implemented by the education resource teacher. Other goals were modified, as appropriate.
The IEP team also determined that Ricky's possession of the controlled substance was a manifestation of his disability. Alternative disciplinary measures were instituted. Moreover, the District agreed that the alternative disciplinary measures would be curtailed, if Ricky agreed to a drug screening. The District's understanding of what took place during the IEP meeting was summarized by Dr. Brendan in a March 2, 1994 letter from Dr. Brendan to Mr. and Mrs. Breen. A subsequent IEP meeting was held in May, to incorporate verbiage pertaining to Ricky's Tourette's disease and ADD. The meeting was needed to allow the District to obtain appropriate information from Ricky's doctors. Mrs. Breen testified that in her opinion no IEP would be appropriate for Ricky unless it mentioned Ricky's Tourette's and ADD. The March IEP, as modified in May, included references to Ricky's medical conditions. The IEP developed by the Metropolitan School was silent with respect to the Tourette's and ADD. Mr. and Mrs. Breen never gave the District the chance to implement the March 1, 1994 IEP. Instead, they enrolled Ricky in the Metropolitan School, a private school in St. Louis County.
The day before the IEP meeting, Ricky saw John Grimaud. Mr. Grimaud is a child psychologist. Mr. Grimaud reported that the purpose of the first two meetings that he had with Ricky was to determine whether or not Ricky had a drug dependency problem. Once Mr. Grimaud determined that Ricky did not have a drug dependency problem, the focus of Mr. Grimaud's meetings with Ricky changed to center on helping Ricky better control his behavior. To that end, Mr. Grimaud instituted a series of "co-joint therapy" sessions, involving the parents and Ricky. Mr. Grimaud also had the parents institute a behavior management plan in the home setting. At no time did Mr. Grimaud talk to or seek information from District personnel.
On March 21, 1994, Ricky saw Dr. James Edwards, a pediatric psychiatrist. Dr. Edwards placed Ricky on a course of medications, including Ritalin and Clonidine. The Ritalin and Clonidine helped Ricky stay focused and on task. Dr. Edwards testified that with fewer distractions, Ricky was less likely to have behavioral problems. Dr. Edwards deemed the regimen of medications a success.
Although Ricky has an identified speech impairment and was receiving speech services from the District, Ricky did not receive speech services at the Metropolitan School. Indeed, services for speech impairments are not available at the Metropolitan School. Although Ricky was identified as a student with a learning disability in both reading skills and reading comprehension, the IAP developed for Ricky at the Metropolitan School did not include goals and objectives pertaining to reading skills and comprehension.
The IEP developed by the District, on the other hand, did include goals and objectives pertaining to reading skills and comprehension. In addition, the March 1 IEP developed by the District included goals and objectives to address one of Ricky's principal difficulties, turning in assignments. The District IEP included goals and objectives intended *1219 to improve Ricky's self-esteem. The Metropolitan IAP did not.
Granted, Ricky had some behavior problems at Jefferson Middle School. However, with the exception of the controlled substance incident, none of Ricky's problems were thought to be of a serious nature. The problems were generally corrected using conventional methods. For example, one of Ricky's teachers, Mrs. Frazee, was able to extinguish Ricky's inappropriate behaviors in her classroom using a series of after-school detentions.
At Jefferson, Ricky received passing marks in both the special education classroom and the regular classroom, with one exception. In that case, Ricky failed to turn in make-up work. Evidence adduced at the hearing indicated that Ricky was also failing to submit work at the Metropolitan School.
Ricky had friends at Jefferson. He was successful at Jefferson. To the extent that Ricky needed a modified curriculum, the curriculum was modified at Jefferson. To the extent that Ricky needed a small classroom environment, Ricky was in classes with a small student-to-teacher ratio.
The parents requested a due process hearing pursuant to 20 U.S.C. § 1415. and Mo. Rev.Stat. § 162.961. Pursuant to Missouri law, the District designated Dr. Thurma DeLoach to serve on the panel, after its previously designated hearing officer resigned from the panel. Dr. DeLoach is the Director of Special Education for the Wentzville School District. The parents designated Mr. Walt Pankow to serve on the panel. Mr. Pankow is the former Director of the Missouri Department of Mental Health's Regional Center in St. Louis County. Dr. Jerry Wright, a Professor of Education at Northwest Missouri State University, served as chairman, having been selected through the strike off procedures then in Missouri law. § 162.961, RSMo. (1986). No party objected to any of the hearing officers, either prior to the hearing or during the hearing.
After the two-day hearing, the panel decided, 2-1 (with Mr. Pankow dissenting), that the District had offered to provide Ricky with a free appropriate public education in the least restrictive environment, namely in the public school setting. The parents requested a state level review of the three-person hearing panel decision under the former § 162.962 RSMo. Dr. Gerald A. Fowler, an attorney and a Professor of Education at St. Louis University, served as the State Level Review Officer. The State Level Review Officer affirmed the majority decision of the hearing panel.
The defendants have moved for summary judgment. This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Board of Education, Island Trees Union Free School District v. Pico, 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corporation, 477 U.S. at 323, 106 S.Ct. 2548. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Board of Education v. Pico, 457 U.S. at 863, 102 S.Ct. 2799.
Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in the pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corporation, 477 U.S. at 322-24, 106 S.Ct. 2548.
This action is brought pursuant to 20 U.S.C. § 1415(e)(2). The statute provides that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." However, the Court is to give due deference to the administrative hearing body, and not substitute *1220 its judgment for that of the hearing tribunal when it comes to educational services. Board of Education v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).
Plaintiffs' opposition to defendants' motions recites only the familiar summary judgment standard set out in Federal Rule of Civil Procedure 56, that for summary judgment to be granted, no issues of material fact must remain in dispute. However, it is clear that the standard for summary judgment in a judicial review of an administrative decision under the IDEA is different. Plaintiffs do not dispute the facts put forth by defendants from the administrative record, but instead point to other facts that they claim are in dispute.[1] The Eight Circuit clarified the standard in Independent School District No. 283 v. S.D., 88 F.3d 556 (8th Cir.1996).
Judicial review of agency action may be conducted on the administrative record even if there are disputed issues of material fact. Under IDEA, the reviewing court bases its decision on "the preponderance of the evidence." That is a less deferential standard of review than the substantial evidence test common to federal administrative law. But it still requires the reviewing court to give "due weight" to agency decision-making. Rowley, 458 U.S. at 206, 102 S.Ct. at 3050-51. Other circuits have applied this rather unusual statutory standard in somewhat different fashions. See Neely v. Rutherford County Sch., 68 F.3d 965, 969 (6th Cir.1995) ("modified de novo review"), cert. denied, [517] U.S. [1134], 116 S.Ct. 1418, 134 L.Ed.2d 543 (1996); Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 105 (4th Cir.1991) (hearing officer findings are "prima facie correct"); Roland M., 910 F.2d at 990 ("bounded, independent" judicial review). See also Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891-92 (9th Cir.1995). Here, the district court faced the task of choosing between conflicting findings and conclusions of the hearing officer and the review officer. The court reviewed the administrative record and, expressly applying the statutory preponderance standard, credited the hearing officer's findings because that fact-finder had an "opportunity to observe the demeanor of the witnesses and to render believability determinations."
In this case, the original administrative due process panel and the state review officer independently agreed that the District provided Ricky a FAPE. "When both the original hearing officer and the state review officer agree on issues, as they did in this case, even greater deference is due." Combs v. School Board of Rockingham County, 15 F.3d 357 (4th Cir.1994) (citations omitted).

I. Count I
This Court, in accordance with 20 U.S.C. § 1415(e), receives the record from the prior administrative proceedings, gives due deference to the fact finder below, and basing a decision on the preponderance of the evidence, makes an independent decision. Additionally, upon request of a party, the Court can hear additional evidence. But before a party is permitted to submit additional evidence to the Court, it must provide the Court with "solid justification" for expanding the record. Independent School District No. 283, 88 F.3d at 561. Plaintiffs claim that this standard merely requires plaintiffs to inform the Court "of the desire to expand the record." The Court disagrees. This is not a simple standard of notice or intent to present evidence. This Court has before it a fully developed factual record. Plaintiffs seek to expand the record in the form of testimony from three experts, however each of these experts testified at the administrative hearings that are part of the record. Plaintiffs have failed to present "solid justification" to expand the administrative record.
The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1485, requires participating states and their public education agencies to provide all students with disabilities with a free appropriate public education. 20 U.S.C. § 1400(c) and 1412(1); Honig v. Doe, 484 U.S. 305, 308, 310, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). A *1221 "free appropriate public education" is defined as
special education and related services that
(A) have been provided at public expense, under public supervision and direction, without charge,
(B) meet the standards of the State educational agency,
(C) include an appropriate preschool, elementary, or secondary school education in the State involved, and
(D) are provided in conformity with the individualized education program required under section 1414(a)(5) of this title.
20 U.S.C. § 1401(a)(18). The Act's requirement of providing a FAPE is satisfied when the state provides personalized instruction with sufficient support services to allow the disabled child to benefit educationally from that instruction; the requirement of a FAPE does not require the state to maximize each child's potential commensurate with the opportunity provided to non-disabled children. Rowley, 458 U.S. at 190, 198, 102 S.Ct. 3034.
In this case, the due process hearing panel decided that the District met its state law requirements by offering a Ricky a FAPE. The District developed an IEP designed to meet Ricky's specific educational needs in accordance with the requirements of the IDEA. 20 U.S.C. § 1401(a)(20). Plaintiffs admit that the program provided to Ricky at Metropolitan is lacking in several specific areas of need. The Court conclude from the record that Ricky was provided a FAPE, 20 U.S.C. § 1401(a)(18), thereby fulfilling the defendant's responsibility under the IDEA.

II. Count II
Plaintiffs also assert a claim for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). This claim fails. Under 34 C.F.R. § 104.33, implementation of an IEP developed in accordance with the IDEA is one means of meeting the standard under the RHA. To show a violation of Section 504 of the RHA, plaintiffs must show "bad faith or gross misjudgment." Monahan v. State of Nebraska, 687 F.2d 1164, 1171 (8th Cir.1982). To show discrimination under the RHA plaintiffs must show more than the failure to provide a FAPE, an incorrect evaluation, or a faulty IAP. Id. Defendants are entitled to judgment as a matter of law.

III. Count III
Plaintiffs next allege that the actions of the District and the DESE violated Ricky's constitutional rights of due process and equal protection under 42 U.S.C. § 1983. Plaintiffs claim that the delay in providing Ricky a state level review hearing amounted to a violation of his due process rights. The record does not support this claim. As the state review officer below stated,
It is undeniable that the state level review was delayed. However, the bulk of this delay was a result of requests by counsel for both parties to extend the time line. It was the determination of the State Level Review Officer that these requests for time line extensions were for good cause shown.
Just as the district court in Independent School District No. 283 held, this Court finds that plaintiffs acquiesced in any administrative delay; in fact they asked for an extension of their own after the delay they now complain of, and they suffered no harm form the delay in the process. Additionally, plaintiffs did not raise any complaint during the hearing regarding any aspect of the hearing and specifically made no complaint of a denial of due process.
Plaintiffs next allege that one of the hearing officers was biased. The Court simply notes that the make-up of the hearing panel was in accordance with the statutory and regulatory requirements under 34 C.F.R. § 300.507 and Mo.Rev.Stat. § 162.961. There is nothing in the record that plaintiffs point out to support this claim. "We accord administrative decision makers the presumption that they acted in a fair and impartial manner." Dell v. Board of Education, 32 F.3d 1053, 1066 (7th Cir.1994) citing Chapman v. United States Commodity Futures Trading Comm'n, 788 F.2d 408, 411 (7th Cir.1986).
Plaintiffs also assert that the District and the DESE violated the Equal Protection Clause of the Fourteenth Amendment *1222 by discriminating against Ricky on the basis of disability. The IDEA was enacted to ensure that students with disabilities were accorded equal opportunity to receive a Free Appropriate Public Education. Since the Court finds that Ricky was provided with a FAPE in accordance with the requirements of the IDEA, there can be no violation of equal protection merely because the plaintiffs dislike the program provide by defendants. Relief sought under Count III is denied.

IV. Count IV
Plaintiffs allege a state law claim based on DESE's failure to appoint an advisory attorney under state statute Mo.Rev.Stat. § 162.961.3 (1994), which provided:
3. An attorney licensed to practice law in the state shall be appointed by the state board of education to advise the panel on legal matters in connection with the hearing. The attorney shall serve in an advisory capacity only, and shall be consulted by the panel on an as needed basis, prior to, subsequent to and during the hearing. The attorney shall be in attendance at the hearing.
This provision of the law became effective on August 28, 1994. An advisory attorney was not appointed by the DESE to assist the local due process hearing panel for two reasons: (1) DESE did not believe this provision of state law applied to hearing panels empowered prior to the new law's effective date; and (2) counsel for both parties did not indicate to DESE that they disagreed with this belief or requested an advisory attorney be appointed. Neither party objected during the hearing about the lack of an advisory attorney. A letter from the DESE to counsel for the plaintiffs and to defendant District dated September 7, 1994, stated, in pertinent part:
As both of you know, Missouri's statutory provisions regarding due process were recently revised. The changes became effective as of August 28, 1994.
We have interpreted the new statutory requirement to be applicable to any three-member-panel empowered after August 28, 1994.
As the panel was empowered prior to August 28, I do not believe an advisory attorney appointment is indicated. If you disagree, or wish to discuss, please let me know.
Neither party responded to this letter from the DESE, nor did either party object at the hearing about the lack of an advisory attorney. Perhaps most significantly, plaintiffs have alleged no harm as a result of the nonappointment and the review officer found none. The review officer stated:
In the instant case both parties were represented by competent counsel and a review of the record indicates no procedural or substantive violation of due process rights ... There is no evidence that the petitioner was in any way prejudiced by the panel's lack of an attorney / advisor. Nor is there any mention in the opinion or the dissent indicating that prejudice occurred. The dissent does make note of the fact and protests a lack of compliance with the Statute, but there is no evidence that his de minimis act in anyway biased or even influenced the panel's decision.
The Court finds that any objection plaintiffs had, was waived, if not first by failing to respond to the September 7, 1994 Letter, then by not raising any objections at the review hearing. Alternatively, this Court would decline to exercise jurisdiction over this pendant state law claim under United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

V. Count V
Since defendants are entitled to judgment as a matter of law against plaintiffs on Counts I-IV, and because the Court finds that there has been no violation of law, defendants are entitled to judgment as a matter of law on Count V.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' request for leave to file response [document # 72] to state defendants' motion for summary judgment is GRANTED.
IT IS HEREBY ORDERED that defendants' motions for summary judgment [documents # 55 and # 56] are GRANTED.
IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.
*1223 An appropriate Judgment will accompany this Memorandum and Order.

JUDGMENT
In accordance with the Memorandum and Order filed this day and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment is entered in favor of defendants St Charles R-IV School District, Mark Keen, J. Larry Milan, Jerry E. Reese, Marta Baier, Jean Meyer, Gary Lacey, Dr. Wayne Oetting, and Diane Rallo, Missouri Department of Elementary and Secondary Education, Robert E. Bartman and John Heskett and against plaintiffs Richard Breen, a Minor, by and through his next friend, Linda Breen, and Frank and Linda Breen. Plaintiffs shall take nothing.
NOTES
[1] Plaintiffs have moved for leave to file an out-of-time response to defendants' motion for summary judgment. The Court will grant plaintiffs' leave to file the response and fully considers the argument therein.